# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 431 SGL (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>DAMON FERRELL, an individual, on behalf of himself and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General | DEFENDANTS<br>CONOCOPHILIPS PIPE LINE CO., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>LAW OFFICES OF MICHAEL TRACY<br>2030 MAIN STREET, SUITE 1300, IRVINE, CA 92614<br>(949) 260-9171 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USC 201: Unpaid overtime and other labor violations under FLSA and California Labor Code

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

EDCV09-0431

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | DELAWARE; TEXAS |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 25, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

1  MICHAEL L. TRACY, ESQ., SBN 237779
   mtracy@michaeltracylaw.com
2  MEGAN ROSS HUTCHINS, ESQ., SBN 227776
3  mhutchins@michaeltracylaw.com
   LAW OFFICES OF MICHAEL TRACY
4  2030 Main Street, Suite 1300
   Irvine, CA  92614
5  T: (949) 260-9171
6  F: (866) 365-3051

7  Attorneys for Plaintiff DAMON FERRELL

8            **CENTRAL DISTRICT OF CALIFORNIA**

9               **CENTRAL DIVISION**

10                                          Case No. **EDCV09-0431** SGL (OPx)

11 DAMON FERRELL, an individual, on
   behalf of himself and on behalf of The State
12 of California Labor and Workforce             **COMPLAINT FOR UNPAID**
   Development Agency as a Private Attorney      **OVERTIME UNDER CALIFORNIA**
13 General                                       **LABOR CODE, MEAL BREAKS,**
                                                 **IMPROPER PAY STUBS, OVERTIME**
14                                               **UNDER THE FLSA, FAILURE TO**
          Plaintiff,                             **PRODUCE RECORDS, AND UNFAIR**
15                                               **BUSINESS PRACTICES**
       vs.
16
17 CONOCOPHILLIPS PIPE LINE CO., A               **PRIVATE ATTORNEY GENERAL**
   DELAWARE CORPORATION;  and DOES              **CLAIMS FOR UNPAID OVERTIME,**
18 1 through 10, inclusive,                       **MISSED MEAL BREAKS, IMPROPER**
                                                 **PAY STUBS,**
19          Defendants.                          **DEMAND FOR JURY TRIAL**
20

21 Plaintiff, DAMON FERRELL, alleges:

22               **JURISDICTION**

23       1.     This Court has jurisdiction over this matter because this complaint alleges a

24 federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

25       2.     This court has supplemental jurisdiction of all the State law claims under 28

26 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether

27 Plaintiff performed work and was not paid overtime wages and whether that failure to pay

28 was willful. The failure to provide proper pay checks stubs is also directly related to the

                           -1-
                  COMPLAINT FOR LABOR VIOLATIONS

FILED

2009 MAR -2  PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because
2  they did not list the overtime required by the FLSA. The waiting time penalty claim is
3  directly related to whether the failure to pay overtime required by the FLSA was willful.
4  As such, all the claims make up the same case or controversy under Article III of the United
5  States Constitution.

## GENERAL ALLEGATIONS

7      3.     This Court is the proper court and this action is properly filed in the County
8  of Los Angeles and in this judicial district because Defendants do business in the County of
9  Los Angeles, and because Defendants' obligations and liabilities arise therein, and because
10  the work that was performed by Plaintiff in the County of Los Angeles is the subject of this
11  action.

12      4.     This complaint contains causes of action brought pursuant to Labor Code §
13  2698, et seq. which allows Plaintiff to sue on behalf of the State of California Labor and
14  Workforce Development Agency ("LWDA") as a Private Attorney General. Pursuant to
15  Labor Code § 2699(i), 75% of any penalties recovered under this third type of action will
16  be paid to the LWDA, with the Plaintiff receiving the remaining 25%.

17      5.     Private Attorney General Act causes of action do not require class
18  certification.

19      6.     The true names and capacities of DOES 1 through 10 are unknown to
20  Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend
21  this Complaint to show their true names and capacities when they have been ascertained.
22  Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are
23  residents of California.

24      7.     Plaintiff is informed and believes that Defendants, each and all of them, at all
25  times material hereto, were the joint employers, parent companies, successor companies,
26  predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,
27  fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants.
28  The Defendants, unless otherwise alleged, at all times material hereto, performed all acts

1  and omissions alleged herein within the course and scope of said relationship, and are a

2  proximate cause of Plaintiff's damages as herein alleged.

3                                    **PARTIES**

4          8.      Plaintiff DAMON FERRELL ("FERRELL") has been jointly employed by

5  Defendants since January 22, 1990.

6          9.      Defendant CONOCOPHILLIPS PIPE LINE CO. ("CONOCO") is A

7  Delaware Corporation doing business in the County of Los Angeles, State of California.

8                       **COLLECTIVE ACTION ALLEGATIONS**

9          10.     Plaintiffs bring the Fourth Cause of Action for violation of the Fair Labor

10  Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the

11  FLSA, 29 U.S.C. § 216(b), on behalf of all Bulk Operators at the Los Angeles Terminal.

12          11.     The Fourth Cause of Action for violations of the FLSA is being brought and

13  maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations

14  of the FLSA.

15          12.     A Collective Action is a superior method for bringing this action in that there

16  is a well defined community of interest in the questions of law and fact.  Questions of law

17  and fact common to the collective action include, but are not limited to:

18                  a.   Whether Conoco failed and continues to fail to pay overtime

19                       compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

20                  b.   Whether Conoco's policy and practice of failing to pay all overtime pay to

21                       Bulk Operators at the Los Angeles Terminal was willful, within the

22                       meaning of the FLSA.

23                  c.   Whether Conoco is subject to the provisions of the FLSA.

24          13.     Plaintiff and the Collective Action Plaintiffs are similarly situated, have

25  substantially similar job duties, have substantially similar pay provisions, and are all subject

26  to Defendants' refusal to pay proper overtime in violation of the FLSA.  The claims of the

27  Plaintiff are typical of those of the class and plaintiff will fairly and adequately represent

28  the interests of the class.

14.   The persons of this class of are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the court. In addition, each class member must give his or her permission to be represented in this action under the "opt-in" provisions of 29 U.S.C. § 216(b).

15.   In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the collective action, as defined above, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

16.   Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act ("PAGA") of 2004, Plaintiff is entitled to recover civil penalties on behalf of himself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

17.   Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212. These sections are all listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

18.   Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint. He brings the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

19.   Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the above mentioned code violations with facts to support each allegation. The certified mail was postmarked November 24, 2008. A copy of this notification is attached as Exhibit A.

20.   The LWDA notified Plaintiff by certified mail in a letter dated January 12, 2009 that they do not intend to investigate the allegations. As such, Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

21.     Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

22.     The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES:  all hourly employees of pipelines and/or terminals based in California.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

## (AGAINST CONOCO and DOES 1-5)

23.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

24.     This cause of action is brought against CONOCO and DOES 1-5, jointly and individually.

25.     Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, § 11090, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

26.     Plaintiff FERRELL worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

27.     Plaintiff FERRELL was entitled to the above overtime premiums.

28.     Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

29.     Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

30.     Defendants did not pay Plaintiff premium wages of at least two times

1  Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

2       31.   Plaintiff FERRELL worked at least one pay period in which he was not

3  properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

4       32.   Defendants know or should know the actual dates of overtime worked, the

5  amount of overtime worked, and the amount of unpaid overtime due.

6       33.   As a proximate result of Defendants' violations, Plaintiff FERRELL has been

7  damaged in an amount in excess of $1,097 and subject to proof at time of trial.

8       34.   Pursuant to Labor Code §§ 218.5, 218.6, 510, 1194 and California Code of

9  Regulations, Title 8, § 11090, Plaintiff FERRELL is entitled to recover damages for the

10  nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus

11  reasonable attorney's fees and costs of suit.

12                        **SECOND CAUSE OF ACTION**

13            **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

14            **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

15                **AND CALIFORNIA LABOR CODE SECTION 512**

16                        **(AGAINST CONOCO and DOES 1-5)**

17       35.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 34.

18       36.   This cause of action is brought against CONOCO and DOES 1-5, jointly and

19  individually.

20       37.   Pursuant to Industrial Welfare Commission Order No. 9-2001, California

21  Code of Regulations, Title 8, § 11090, for the period of Plaintiff's employment, Defendants

22  were required to provide a thirty (30) minute meal period for any person working more than

23  five (5) hours in a day.

24       38.   Defendants failed to provide Plaintiff a meal period for numerous days

25  worked.

26       39.   Defendants know or should know the dates for each missed meal period as

27  well as the damages due.

28       40.   Defendants failed to provide Plaintiff at least one meal period within the three

1   (3) years prior to filing this lawsuit.

2       41.    Pursuant to Labor Code § 512 and California Code of Regulations, Title 8, §

3   11090, Plaintiff FERRELL is entitled to recover one (1) hour of pay at the regular rate of

4   compensation for each workday that the meal period was not provided.

5       42.    Plaintiff FERRELL prays for damages for missed meals in an amount subject

6   to proof at time of trial.

7   **THIRD CAUSE OF ACTION**

8   **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**

9   **UNDER LABOR CODE SECTION 226**

10   **(AGAINST CONOCO and DOES 1-5)**

11       43.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 42.

12       44.    This cause of action is brought against CONOCO and DOES 1-5, jointly and

13   individually.

14       45.    Pursuant to Labor Code § 226, every employer must furnish each employee

15   an itemized statement of wages and deductions at the time of payment of wages.

16       46.    Defendants knowingly and intentionally furnished Plaintiff pay stubs that did

17   not accurately reflect all the information required by Labor Code § 226.

18       47.    Plaintiff suffered injury from the lack of proper information on the pay stubs

19   provided by Defendants.

20       48.    Plaintiff suffered injury under this cause of action within a period of one (1)

21   year prior to the initiation of this lawsuit.

22       49.    Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against

23   Defendants in an amount subject to proof at trial plus costs and attorney fees.

24   **FOURTH CAUSE OF ACTION**

25   **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207**

26   **and § 216 (AGAINST ALL DEFENDANTS)**

27       50.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 49.

28       51.    This cause of action is against all Defendants, jointly and individually.

52.   This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the Collective Action Plaintiffs.

53.   Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b),  Plaintiff and Collective Action Plaintiffs are entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

54.   Plaintiff and Collective Action Plaintiffs worked numerous weeks in excess of forty (40) hours.

55.   Plaintiff and Collective Action Plaintiffs are entitled to the above overtime premiums.

56.   Defendants failed to compensate Plaintiff and Collective Action Plaintiffs for all overtime premiums.

57.   This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

58.   Plaintiff and Collective Action Plaintiffs worked at least one week in which all overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

59.   Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

60.   Plaintiff is informed and believes that Collective Action Plaintiffs' employment is covered by the terms of the Fair Labor Standards Act.

61.   Defendant CONOCO is the employer of Plaintiff and Collective Action Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act.

62.   Defendant CONOCO has been an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

63. Defendant CONOCO conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff has been employed.

64. Defendant CONOCO has employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

65. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

66. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

67. Plaintiff's claim for overtime wages are covered under the First Cause of Action. Plaintiff is only requesting liquidated damages under this cause of action, as separate and distinct damages.

68. Collective Action Plaintiffs request overtime pay and liquidated damages in an amount to be proven at time of trial.

69. Plaintiff and collective action members pray for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

### (AGAINST CONOCO and DOES 1-5)

70. Plaintiff refers to and incorporates by reference Paragraphs 1 through 68.

71. This cause of action is brought against CONOCO and DOES 1-5, jointly and individually.

72. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

73. By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

74. Plaintiff FERRELL prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

1  ///

2  ///

3  ### SIXTH CAUSE OF ACTION

4  ### FAILURE TO PROVIDE PAY RECORDS

5  ### (AGAINST CONOCO and DOES 1-5)

6       75.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 73.

7       76.   This cause of action is brought against CONOCO and DOES 1-5, jointly and

8  individually.

9       77.   Pursuant to Labor Code § 226, employers must provide employees an

10  opportunity to inspect or copy records upon request.

11       78.   Plaintiff requested his pay records in accordance with Labor Code § 226 on

12  November 24, 2008.

13       79.   Defendants have failed to provide Plaintiff with an opportunity to inspect or

14  copy her records.

15       80.   Pursuant to Labor Code § 226, Plaintiff prays for judgment against

16  Defendants in the amount of $750, costs and attorney fees.

17       81.   Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring

18  Defendants to provide Plaintiff with all pay records under Labor Code § 226.

19  ### SEVENTH CAUSE OF ACTION

20  ### CIVIL PENALTIES FOR OVERTIME VIOLATIONS

21  ### (AGAINST ALL DEFENDANTS)

22       82.   Plaintiff FERRELL refers to and incorporates by reference Paragraphs 1

23  through 80.

24       83.   This cause of action is brought against all Defendants jointly and individually.

25       84.   Plaintiff FERRELL is informed and believes that all AGGRIEVED

26  EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab.

27  Code §§ 510 and 558.

28       85.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

1  within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

2      86.     Cal. Labor Code § 558 provides that an "employer or other person acting on

3  behalf of an employer" who causes such a violation will be subject to a $50 penalty for

4  each pay period for each employee.

5      87.     Cal. Labor Code § 2699(g) provides that any "employee who prevails in any

6  action shall be entitled to an award of reasonable attorney's fees and costs."

7      88.     Plaintiff FERRELL prays for civil penalties in an amount in excess of

8  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

9                              **EIGHTH CAUSE OF ACTION**

10                    **CIVIL PENALTIES FOR BREAK VIOLATIONS**

11                         **(AGAINST ALL DEFENDANTS)**

12      89.     Plaintiff FERRELL refers to and incorporates by reference Paragraphs 1

13  through 87.

14      90.     This cause of action is brought against all Defendants jointly and individually.

15      91.     Plaintiff FERRELL is informed and believes that all AGGRIEVED

16  EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7, 512

17  and 558.

18      92.     At least one such violation against an AGGRIEVED EMPLOYEE occurred

19  within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

20      93.     Plaintiff FERRELL prays for civil penalties in an amount in excess of

21  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

22                              **NINTH CAUSE OF ACTION**

23              **CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS**

24                      **(AGAINST CONOCO and DOES 1-5)**

25      94.     Plaintiff FERRELL refers to and incorporates by reference Paragraphs 1

26  through 92.

27      95.     This cause of action is brought against CONOCO and DOES 1-5, jointly and

28  individually.

96.    Cal. Labor Code § 226(a)(9) requires that the employer provide a pay stub that lists "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

97.    Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the employee.

98.    Plaintiff FERRELL is informed and believes that Defendants failed to comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

99.    At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

100.    Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be subject to a civil penalty of $250 per employee per pay period.

101.    Plaintiff FERRELL prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff FERRELL in an amount in excess of $1,097 and subject to proof at trial.

2. For liquidated damages in the amount of $1,097 and subject to proof at trial.

3. Damages for meal premiums not paid to Plaintiff FERRELL in an amount subject to proof at trial.

4. For damages and penalties under Labor Code § 226 for Plaintiff FERRELL in an amount subject to proof at trial.

5. For $750 for failure to allow Plaintiff to inspect or copy records.

6. For restitution and disgorgement for all unfair business practices against Plaintiff FERRELL in an amount subject to proof at trial.

On behalf of Collective Action Plaintiffs, Plaintiff prays for the following relief:

7. Collective Action Plaintiffs request overtime pay and liquidated damages in an amount to be proven at time of trial.

On behalf of the State of California as a Private Attorney General, Plaintiff prays for the following relief:

8. Civil penalties under the Private Attorney General Act in an amount in excess of $100,000 and subject to proof at trial.

As to all causes of action, Plaintiff prays for

9. prejudgment and post judgment interest.

10. Cost of suit.

11. Attorneys' fees.

12. For such other and further relief as the court may deem proper.

DATED: February 24, 2009          LAW OFFICES OF MICHAEL TRACY

By: _____

MICHAEL TRACY, Attorney for Plaintiff DAMON FERRELL

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: February 24, 2009          LAW OFFICES OF MICHAEL TRACY

By: _____

MICHAEL TRACY, Attorney for Plaintiff DAMON FERRELL

-13-
COMPLAINT FOR LABOR VIOLATIONS