1   CATHERINE A. CONWAY (SBN 98366)
    SCOTT J. WITLIN (SBN 137413)
2   JEREMY F. BOLLINGER (SBN 240132)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, CA  90067
4   cconway@akingump.com
    switlin@akingump.com
5   jbollinger@akingump.com
    Telephone:    310.229.1000
6   Facsimile:    310.229.1001

7   Attorneys for Defendant
    CONOCOPHILLIPS PIPE LINE CO.

8

9

10

11                  UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
12
                   EASTERN DIVISION - RIVERSIDE
13

14

15  DAMON FERRELL, an individual,      Case No. EDCV09-0431 RRP (OPx)
    on behalf of himself and all other
16  similarly situated and on behalf of The
    State of California Labor and        **DEFENDANT CONOCOPHILLIPS
17  Workforce Development Agency as a    PIPE LINE CO.'S NOTICE OF
    Private Attorney General,            MOTION AND MOTION TO
                                         STRIKE CLASS ALLEGATIONS**
18                 Plaintiffs,

19        v.                            Date:    To Be Set By Court
                                        Time:    To Be Set By Court
20  CONOCOPHILLIPS PIPE LINE CO.,       Judge:   Rebecca R. Pallmeyer
    A DELAWARE CORPORATION;
21  and DOES 1 through 10, inclusive,

22                 Defendants.

23

24

25

26

27

28

---

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on the hearing date to be set by the Court at the telephonic Status Conference on April 22, 2010, at 2:00 p.m., defendant ConocoPhillips Pipe Line Company ("ConocoPhillips") will and does hereby move to strike the class allegations from Plaintiff Damon Ferrell's ("Plaintiff") Second Amended Complaint ("Complaint").

This motion will be made pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that (1) Plaintiff has failed to move for class certification under Rule 23 or 29 U.S.C. § 216(b) within 90 days of serving a complaint purporting to commence a class action, as required under Central District Local Rule 23-3; (2) if the Court strikes Plaintiffs' Collective Action Allegations under 29 U.S.C. § 216(b), the Court must strike Plaintiffs' Business & Professions Code § 17200 allegations because they are premised on the Collective Action Allegations; and (3) the Rule 23 opt-out class procedures are inherently incompatible in this case with Plaintiff's proposed opt-in class under 29 U.S.C. § 216(b).

Specifically, ConocoPhillips moves to strike paragraphs 10 through 29 of the Complaint (Rule 23 Class Allegations), paragraphs 30 through 35 (FLSA Class Allegations), paragraphs 71 through 75 (Third Cause of Action for Violations of FLSA Under Cal. Bus. & Prof. Code §§ 17200, et seq.), paragraph 1 of the Prayer for Relief in which Plaintiff prays that a class be certified for state law claims, paragraph 2 of the Prayer for Relief in which Plaintiff prays that a class be certified under the FLSA, and paragraphs 7 through 8 of the Prayer for Relief which seek remedies specific to the Plaintiff's representative claims which ConocoPhillips seeks to strike, as set forth above. In addition, ConocoPhillips moves to strike all references to "Collective Action Plaintiffs" in paragraphs "54" through "70" including the following language:

- Page 9, ¶ 54, lines 12-13: "and on behalf of all similarly situated employees as defined in the Collective Action Plaintiffs."

- Page 9, ¶ 55, line 16: "and Collective Action Plaintiffs."

- Page 9, ¶ 56, line 20: "and Collective Action Plaintiffs."

- Page 9, ¶ 57, line 22: "and Collective Action Plaintiffs."

- Page 9, ¶ 58, line 24: "and Collective Action Plaintiffs."

- Page 10, ¶ 60, line 1: "and Collective Action Plaintiffs."

- Page 10, ¶ 62, lines 6-7: "Plaintiff is informed and believes that Collective Action Plaintiffs' employment is covered by the terms of the Fair Labor Standards Act."

- Page 10, ¶ 63, lines 8-9: "and Collective Action Plaintiffs."

- Page 10, ¶ 69, line 20-21: "Collective Action Plaintiffs request overtime pay and liquidated damages in an amount to be proven at time of trial."

- Page 10, ¶ 70, line 22: "and collective action members."

This motion will be based on this Notice of Motion, ConocoPhillips' Memorandum of Points and Authorities in Support of its Motion to Strike Class Allegations, any oral argument that may be presented at the hearing on this motion, and any other matter that the Court deems appropriate.

Finally, the Court set a briefing schedule on Plaintiff's Motion for Conditional Certification of Collective Action, requiring ConocoPhillips to file a memorandum in opposition on or before March 23, 2010.  Dkt. #21.  ConocoPhillips requests that the Court stay further briefing on Plaintiff's Motion for Conditional Certification of Collective Action, as well as Plaintiff's anticipated Motions for Class Certification pursuant to Federal Rule of Civil Procedure 23, until the Court has ruled on ConocoPhillips' motion to strike Plaintiffs' class allegations because the Court's order on ConocoPhillips' motion may be dispositive of Plaintiffs' pending motions.

1     This motion is made following the conference of counsel pursuant to L.R. 7-3

2  which took place on February 10, 2010.

3

4  Dated:  March 3, 2010                          AKIN GUMP STRAUSS HAUER &
                                                   FELD LLP
5                                                  Catherine A. Conway

6                                                  By_____/s/Catherine A. Conway_____
                                                          Catherine A. Conway
7                                                  Attorneys for Defendant
                                                   CONOCOPHILLIPS PIPE LINE CO.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CONOCOPHILLIPS PIPE LIEN CO.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS

# **TABLE OF CONTENTS**

Page Number

I.      INTRODUCTION ................................................................1

II.     RELEVANT FACTUAL BACKGROUND ....................................1

        A.      The Timing of Plaintiff's Class Allegations...............................1

        B.      Judge Larson's Standing Order ..................................2

III.    ARGUMENT.....................................................................2

        A.      Standard for Motion to Strike...................................2

        B.      Plaintiff's Rule 23 Class Allegations Should Be Stricken Because Plaintiff Has Failed to Comply With Local Rule 23-3.................................3

        C.      Plaintiff's FLSA Class Allegations Also Should Be Stricken for Failure to Comply With Local Rule 23-3.....................................8

        D.      For the Same Reasons That It Should Strike Plaintiff's FLSA Class Action, the Court Also Should Strike Plaintiff's "Third" Cause of Action for Violations of California Business and Professions Code Section 17200. ........................................................9

        E.      Plaintiff's Attempt to Certify a State Law Opt-Out Class Action Under Rule 23 Is Inherently Incompatible With His Simultaneous Pursuit of a FLSA Opt-In Collective Action Under Section 216(b). ........10

IV.     CONCLUSION..................................................................15

# TABLE OF AUTHORITIES

**CASES** — Page Number

*Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007).............................12

*Batson v. Powell*, 912 F.Supp. 565 (D.D.C. 1996)...........................................4

*Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir. 1981).......................4

*Bryant v. Mortgage Capital Resource Corp.*, 197 F.Supp.2d 1357 (N.D. Ga. 2002)......4

*Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291 (8th Cir. 1982) ...........4

*Buss v. Western Airlines, Inc.*, 738 F.2d 1053 (9th Cir. 1984) .......................8

*Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) ................................................7

*Clemens v. DaimlerChrysler Corp.*, No. CV 05-8484-JFW (CWX), 2006 WL 6022681 (C.D. Cal. Apr. 20, 2006)..........................................4

*Cornn v. United Parcel Serv., Inc.*, No. C03-2001 THE, 2006 WL 2642540 (N.D. Cal. Sept. 16, 2006) ......................................11

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) ......................11

*Edwards v. City of Long Beach*, 467 F. Supp. 2d 986 (C.D. Cal. 2006)........14

*Ellis v. Edward D. Jones & Co., L.P.*, No. 06-662007, 2007 WL 4426615 (W.D. Pa. Dec. 18, 2007).......................................11

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) ........................................7

*Fowler v. UPMC Shadyside*, No. 07cv0807, 2007 WL 3072261 (W.D. Pa. Oct. 19, 2007)........................................4

*Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995).................................................7

*Harper v. Yale Intern. Ins. Agency, Inc.*, No. 03 C 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004)..........................................12

*Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986) ....................................8

*Himmelman v. Continental Cas. Co.*, No. Civ. 06-166(GEB), 2006 WL 2347873 (D.N.J. Aug. 11, 2006).........................................14

*Hoffman v. Constr. Protective Serv., Inc.*, No. EDCV 03-01006-VAP, 2004 WL 5642136 (C.D. Cal. Jul. 13, 2004)..........15

*Howard v. Gutierrez*, 474 F. Supp. 2d 41 (D.D.C. 2007)..............................4

*Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003) ...............12

*Kimoto v. McDonald's Corps.*, No. CV 06-3032 PSG, 2008 WL 4690536 (C.D. Cal. Aug. 19, 2008)........................................3

*LaChapelle v. Owens-Corning, Inc.*, 513 F.2d 286 (5th Cir. 1975)...............12

DEFENDANT CONOCOPHILLIPS PIPE LIEN CO.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS

*Lee v. Hayes*, No. CV 07-6389-TJH,
    2008 WL 4447578 (C.D. Cal. Oct. 2, 2008)...........................................................3

*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) .....................10, 14

*Main v. Elec. Data Sys. Corp.*, 168 F.R.D. 573 (N.D. Tex. 1996) ...................................4

*Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987) ............................................7

*Marshall v. Gates*, 44 F.3d 722 (9th Cir. 1995) .............................................................3

*Martinez-Mendoza v. Champion Int'l Corp.*,
    340 F.3d 1200 (11th Cir. 2003).........................................................................4

*McClain v. Leon's Pizzeria, Inc.*, 222 F.R.D. 574 (N.D. Ill. 2004)...............................14

*Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB),
    2006 WL 42368 (D.N.J. Jan. 6, 2006)...........................................................14

*Muecke v. A-Reliable Auto Parts and Wreckers, Inc.*, No. 01 C 2361,
    2002 WL 1359411 (N.D. Ill. June 21, 2002).................................................13

*Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522 (M.D. Pa. 2006) .........................11, 14

*Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004)..........................................................5

*Ramos-Barrientos v. Bland*, No. 606CV089,
    2009 WL 3851624 (S.D. Ga. Nov. 17, 2009) ...................................................4

*Reichman v. Bureau of Affirmative Action*, 536 F.Supp. 1149 (M.D. Pa. 1982)..............4

*Roman v. Maietta Constr., Inc.*, 147 F.3d 71 (1st Cir. 1998)........................................12

*Seig v. Yard House Rancho Cucamonga, LLC*, No. CV 07-2105 PA (MANx),
    2007 WL 6894503 (C.D. Cal. Dec. 10, 2007).................................................3

*Seyboth v. General Motors Corp.*, No. 8:07-CV-2292-T-27TBM,
    2008 WL 1994912 (M.D. Fla. May 8, 2008).....................................................4

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983)................................2

*Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C 7362,
    2004 WL 442638 (N.D. Ill. Mar. 10, 2004)....................................................12

*Thompson v. Housing Auth.*, 782 F.2d 829 (9th Cir. 1986)...........................................7

*United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915 (9th Cir. 2006) .........3

*Verner v. Swiss II, LLC*, No. CV 09-5701 PA (CTx),
    2010 WL 99084 (C.D. Cal. Jan. 6, 2010)..............................................3, 5, 6, 7

*Watson v. Schwarzenegger*, Nos. 06-55673 & 06-56371,
    2009 WL 1956222 (9th Cir. June 23, 2009) ..............................................3, 5

*Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ,
    2007 WL 2429149 (D. Nev. Aug. 20, 2007).................................................13, 15

DEFENDANT CONOCOPHILLIPS PIPE LIEN CO.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS

*Wood v. TriVita, Inc.*, No. CV-08-0765-PHX,
2008 WL 6566637 (D. Ariz. Sept. 18, 2008)...................................................12, 15

**STATE CASES**

*Ali v. U.S.A. Cab Ltd.*, 176 Cal. App. 4th 1333 (2009)...............................9, 10

*Californians for Disability Rights v. Mervyn's LLC*, 39 Cal.4th 223 (2006)..................9

*Harris v. Investor's Bus. Daily, Inc.*, 138 Cal. App. 4th 28 (2006)...............................12

**FEDERAL STATUTES**

29 United States Code § 216(b) .............................................................8, 10

29 United States Code § 251 ............................................................... 11

29 United States Code § 251(a)(1), (7) ............................................................... 11

29 United States Code § 255(a) ............................................................... 15

**STATE STATUTES**

California Business & Professions Code § 17203 .........................................................9

California Business & Professions Code § 17204 .........................................................9

California Business & Professions Code § 17208 .......................................................15

**RULES**

Central District of California Local Rule 23-3 .........................................................3, 8

Federal Rule of Civil Procedure 12(f)........................................................2

Federal Rule of Civil Procedure 23(c)(2)(B) ...............................................................10

**OTHER AUTHORITIES**

93 Congressional Record 2, 2,089-98, 2,182................................................. 11

Judge Stephen G. Larson's Standing Order ¶ 3 .........................................................2, 6

Judge Stephen G. Larson's Standing Order ¶ 7 .......................................................2, 5, 6

Publ. L. No. 49, ch. 52, 61 Stat. 84, 87 (1947) ............................................................. 11

DEFENDANT CONOCOPHILLIPS PIPE LIEN CO.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS

## I.   INTRODUCTION

The Central District of California, like other districts around the United States, imposes a strict deadline for plaintiffs seeking to bring claims on a class-wide basis to file their motion for class certification.  Plaintiff Damon Ferrell's Complaint, filed on March 2, 2009, purported to commence a class action.  Pursuant to Central District Local Rule 23-3, Ferrell had 90 days to move for class certification.  Ferrell did not timely file a Motion for class certification and, nine months after the deadline, he still has not done so.  District courts have stricken class allegations for delays of much shorter duration.  Particularly in times of economic crisis, where judicial resources are scarce, parties must diligently prosecute their claims and adhere to the very rules that are meant to maintain the efficient administration of justice.  Accordingly, this Court should strictly follow Local Rule 23-3 and strike Plaintiff's class allegations from the Second Amended Complaint.

Plaintiff's class allegations should also be stricken because the opt-out procedures of Federal Rule of Civil Procedure 23 applicable to his overtime claims under Business & Professions Code Section 17200 and the opt-in procedures under the Fair Labor Standards Act ("FLSA") also applicable to his overtime claim are inherently incompatible, will create manageability problems for the court and parties, and confuse putative class members who receive notices instructing them to both opt-in and opt-out of the same action in order to pursue identical remedies.  For these and other reasons, all of Plaintiff's class allegations should be stricken.

## II.   RELEVANT FACTUAL BACKGROUND

### A.   The Timing of Plaintiff's Class Allegations

On March 2, 2009, Plaintiff Damon Ferrell ("Plaintiff") filed a Complaint against Defendant ConocoPhillips Pipe Line Co. ("ConocoPhillips") as an opt-in class action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and seeking civil penalties on behalf of himself and other employees under California's Private Attorney General Act of 2004, Cal. Labor Code § 2698, for violations of California's

1  Labor Code. Dkt. #1.

2      Plaintiff amended his Complaint on May 26, 2009 to include class allegations

3  pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), entitled First Amended

4  Class Action Complaint for Meal Breaks and Unfair Business Practices ("FAC"). Dkt.

5  #6. On January 11, 2010, Plaintiff sought leave to file a Second Amended Complaint

6  ("SAC"), which expanded the class definition. Dkt. #15. On February 11, 2010, the

7  Court granted Plaintiff leave to file his SAC. Dkt. #19.

8      **B.**    **Judge Larson's Standing Order**

9      This case was initially assigned to the Honorable Stephen G. Larson. Judge

10  Larson's Standing Order states that "[u]nless there is a likelihood that, upon motion by a

11  party, the Court would order that any or all discovery is premature, counsel shall begin

12  before the Scheduling Conference." Larson Standing Order ¶ 3. "No stipulations

13  extending scheduling requirements or modifying applicable rules are effective until and

14  unless the Court approves them. Both applications and stipulations must be

15  electronically filed in advance of the date due and set forth … (b) specific, concrete

16  reasons supporting good cause for granting the extension." Larson Standing Order ¶ 7.

17      On or around November 23, 2009, Judge Larson stepped down from the bench,

18  however, the Court directed counsel to continue "to follow filing procedures indicated in

19  the existing Standing Order issued in [this] case until you receive notification of

20  reassignment." Dkt. #14 (In Chambers re Rule 16(b) Scheduling Conference dated Nov.

21  23, 2009).

22  **III.**   **ARGUMENT**

23      **A.**    **Standard for Motion to Strike.**

24      Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken

25  from any pleading ... any redundant, immaterial, impertinent, or scandalous matter."

26  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

27  money that must arise from litigating spurious issues by dispensing with those issues

28  prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**B.     Plaintiff's Rule 23 Class Allegations Should Be Stricken Because Plaintiff Has Failed to Comply With Local Rule 23-3.**

Central District of California Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 ... the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." L.R. 23-3. "Local rules are 'laws of the United States,'" and are "valid if ... 'not inconsistent' with the Federal Rules of Civil Procedure." *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995) (quoting *United States v. Hvass*, 355 U.S. 570, 575 (1958) and Fed. R. Civ. P. 83); *see also United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915, 927 (9th Cir. 2006).

In the Central District, this local rule has been strictly construed by district courts and the Ninth Circuit in reviewing those decisions. *Watson v. Schwarzenegger*, Nos. 06-55673 & 06-56371, 2009 WL 1956222, at *1 (9th Cir. June 23, 2009) (affirming district court's enforcement of Local Rule 23-3); *Verner v. Swiss II, LLC*, No. CV 09-5701 PA (CTx), 2010 WL 99084, *2 (C.D. Cal. Jan. 6, 2010) ("Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's First Amended Complaint."); *Kimoto v. McDonald's Corps.*, No. CV 06-3032 PSG, 2008 WL 4690536, *3 (C.D. Cal. Aug. 19, 2008) ("Plaintiff is barred from seeking certification because she failed to comply with the 90-day requirement of Local Rule 23-3...."); *Lee v. Hayes*, No. CV 07-6389-TJH, 2008 WL 4447578, *4 n.12 (C.D. Cal. Oct. 2, 2008) (citing L.R. 23-3, the court held that "[t]en months have passed since the action was commenced, but there has been no motion for class certification or other attempt to change the procedural posture of this case. Long after filing, and long after Petitioner's claims have become moot, it is too late now to attempt any such change."); *Seig v. Yard House Rancho Cucamonga, LLC*, No. CV 07-2105 PA (MANx), 2007 WL 6894503, *2 (C.D. Cal. Dec. 10, 2007) ("Because plaintiffs failed to comply with Local Rule 23-3's ninety-day time limit for

filing motions for class certification, and that time limit applies to a class action brought under FACTA, the Court denies Plaintiff's Motion for Class Certification on this basis alone."); *cf. Clemens v. DaimlerChrysler Corp.*, No. CV 05-8484-JFW (CWX), 2006 WL 6022681, *6 (C.D. Cal. Apr. 20, 2006) ("Because Plaintiffs' original Motion for Class Certification was filed within the time limits set by Local Rule 23-3, the Court will consider the second or revised motion for class certification as having been timely filed."). Courts in other circuits have stricken class allegations pursuant to local rules or orders similar to Rule 23-3.[1]

This action is governed by Local Rule 23-3. On May 26, 2009, Plaintiff Ferrell amended his Complaint to include class allegations under Rule 23. At no time within the required 90-day period, however, did Plaintiff move for class certification or seek relief from Local Rule 23-3.

---

[1] *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.38 (11th Cir. 2003) (expressly recognizing the authority of district courts to apply local rules prescribing a deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance); *Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); *Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) (affirming denial of motion for extension of time to move for class certification that was filed only eleven days late); *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53-54 (D.D.C. 2007) (striking class allegations because plaintiff failed to move for class certification or an extension of time within the ninety days from filing the complaint); *Batson v. Powell*, 912 F.Supp. 565, 570 (D.D.C. 1996) (denying motion for class certification filed twenty days late because "the 90-day limit … has been strictly enforced in this Circuit."); *Main v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); *Ramos-Barrientos v. Bland*, No. 606CV089, 2009 WL 3851624, *4 (S.D. Ga. Nov. 17, 2009) ("denial of class certification would be an appropriate sanction for Plaintiffs' failure to comply with Local Rule 23.2…."); *Seyboth v. General Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, *2 (M.D. Fla. May 8, 2008) (granting motion to strike class allegations pursuant to L.R. 4.04(b) requiring filing of class certification motion within 90 days); *Fowler v. UPMC Shadyside*, No. 07cv0807, 2007 WL 3072261, *4 (W.D. Pa. Oct. 19, 2007) ("Plaintiff has failed to move in a timely manner for class action determination") (citing W.D. Pa. L.R. 23.1(c)); *Bryant v. Mortgage Capital Resource Corp.*, 197 F.Supp.2d 1357, 1368 (N.D. Ga. 2002) ("Plaintiffs have forty (40) days from the entry of this Order in which to move for class certification in accordance Local Rule 23.1."); *Reichman v. Bureau of Affirmative Action*, 536 F.Supp. 1149, 1168-69 (M.D. Pa. 1982) (denying motion for class certification because plaintiff failed to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint).

4

1   Prior to the telephonic conference with the Court on February 10, 2010, Plaintiff

2 never even raised the issue of a class certification motion pursuant to Rule 23.[2]  In fact,

3 there is no mention of Plaintiff's intent to file a motion for class certification pursuant to

4 Rule 23 in the parties' Joint Rule 26(f) Report.[3]  Dkt. #12.  In the Joint Report filed on

5 August 7, 2009, Plaintiff stated that it only "anticipates filing a Motion for **Collective**

6 **Action** Certification shortly after the initial disclosure exchange, to be heard in

7 October."  Dkt. #12 at 2:22-23 (emphasis added).  But even though it raised collective

8 action certification at that late date, Plaintiff did no such thing.  The only other

9 anticipated motions referenced in the Joint Report are "dispositive and partially

10 dispositive motions."  *Id*. at 2:23-24.  The scope of discovery defined by the parties also

11 did not anticipate a Rule 23 motion.  *Id*. at 2:17-18 ("The parties will conduct an initial

12 phase of discovery limited to issues related to collective action certification and related

13 issues.").

14   It is no excuse that Plaintiff was ignorant of Rule 23-3.  *See Watson*, 2009 WL

15 1956222, at *1 (Ninth Circuit affirmed denial of relief from Rule 23-3 where Plaintiff

16 claimed "unfamiliarity with the local rules"); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th

17 Cir. 2004) (en banc) (stating that "a lawyer's failure to read an applicable rule is one of

18 the least compelling excuses that can be offered").

19   Plaintiff also cannot attribute his delay to Judge Larson's departure from the case

20 or the continuance of the scheduling conference.  First, whether measured by the

21 original Complaint or the First Amended Complaint, the 90-day deadline passed while

22

---

23   [2] Of course, even if Plaintiff had sought a stipulation from ConocoPhillips to

24 extend the date to file a motion for class certification, "[a]n 'agreement' between the parties, in the absence of a Court Order, is plainly insufficient to change the deadline

25 mandated in Local Rule 23-3."  *Verner*, 2010 WL 99084, at *1; Larson Standing Order

26 ¶ 7 ("No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them.").

27   [3] The Joint Report was filed on August 7, 2009, 73 days from filing of the FAC on May 26, 2009.  Therefore, even if Plaintiff believes the FAC triggered the operation of

28 Rule 23-3, Plaintiff had time to file his motion or seek an extension of the deadline had he actually intended to pursue class certification at that time.

1  Judge Larson still was presiding over the case.  From the filing of the Complaint, Judge

2  Larson ordered that "[n]o stipulations extending scheduling requirements or modifying

3  applicable rules are effective until and unless the Court approves them."  Larson

4  Standing Order ¶ 7.  Furthermore, "applications and stipulations must be electronically

5  filed *in advance of the date due* and set forth … (b) specific, concrete reasons

6  supporting good cause for granting the extension."  *Id*. (emphasis added).  Thus, if there

7  were any doubt regarding the mandatory nature of compliance with the Local Rules,

8  Plaintiff was on notice that he had to comply with those time requirements. Accordingly,

9  if Plaintiff believed he needed more time in order to file the motions necessary to bring

10 his claims as a class action, he was required to make application for relief from the

11 requirements of Local Rule 23-3.  Plaintiff failed to take advantage of the relief

12 available to him pursuant to the steps required by Judge Larson, while Judge Larson was

13 still presiding over the case.  Indeed, the deadline to bring the motion passed before

14 Judge Larson stepped down from the bench.  Had Plaintiff sought an extension, there is

15 no guaranty that Judge Larson would have granted a request for extension of Rule 23-3

16 because Plaintiff still would have had to provide "specific, concrete reasons supporting

17 good cause for granting the extension." *Id*.

18      When Judge Larson stepped down from the bench, the Court directed counsel to

19 continue "to follow filing procedures indicated in the existing Standing Order issued in

20 [this] case until [counsel] receive notification of reassignment."  Dkt. #14.  The fact that

21 the Scheduling Conference was vacated until a new judge could be assigned to the case

22 is of no consequence.

23      Judge Larson's Standing Order required the parties to proceed with discovery

24 before the Scheduling Conference.  Larson Standing Order ¶ 3.  In *Verner*, the district

25 court rejected plaintiff's argument that "he did not file a class certification motion

26 because he was waiting to commence discovery concerning class certification issues

27 until the parties' Rule 26(f) conference of the parties."  *Verner*, 2010 WL 99084, at *1.

28 This did not constitute "good cause" in part because plaintiff did not explain why he

1    failed to request an extension of the deadline. *Id*. Like Verner, Plaintiff Ferrell had the

2    ability to pursue the evidence necessary to support a motion for class certification under

3    Rule 23 within the 90-day period. Plaintiff failed to do so *and* he failed to seek an

4    extension to file his motion. Therefore, as in *Verner*, Plaintiff's class allegations must

5    be stricken from the SAC.

6        Furthermore, Plaintiff has used his delay to enlarge the scope of the putative class

7    long after the deadline to file his motion. The class alleged in the FAC was limited to

8    employees who are members of Plaintiff's collective bargaining unit in California.[4]

9    Dkt. #6 (FAC ¶ 12). While Plaintiff's motion to amend the FAC purports only to

10   "*refine*[] the definition of the class and collective action Plaintiffs to distinguish the

11   'Meal Break Class' from the classes relating to unpaid overtime" (Dkt. #15 at 1:6-8

12   (emphasis added)), the SAC actually *enlarges* the definition to include literally *all* of

13   ConocoPhillips' hourly terminal and pipeline employees in California. SAC ¶¶ 11, 12.

14       The Court also has authority to strike Plaintiff's class claims as part of its inherent

15   power to control its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.

16   1986) (district courts have the inherent power to control their dockets and "in the

17   exercise of that power, they may impose sanctions including, where appropriate ...

18   dismissal of a case."). A court may dismiss an action, with prejudice, based on a party's

19   failure to prosecute an action, failure to obey a court order, or failure to comply with

20   local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

21   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

22   1992) (dismissal for failure to comply with an order requiring amendment of

23   complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure

24   to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

25   *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

26

27   _____

28   [4] Plaintiff sought leave to amend the FAC, in part, because he alleged the wrong union. Dkt. #15 at 1.

1 | comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
2 | (dismissal for failure to lack of prosecution and failure to comply with local rules); *Buss*
3 | *v. Western Airlines, Inc.*, 738 F.2d 1053, 1053-54 (9th Cir. 1984) (dismissing age
4 | discrimination claims for failure to comply with local rules).  Accordingly, the Court
5 | would be acting within its inherent power to strike the class claims as a sanction for
6 | failure to comply with Local Rule 23-3.

7 |     For all of these reasons, the Rule 23 class allegations should be stricken from
8 | Plaintiff's Second Amended Complaint.

9 |     **C.   Plaintiff's FLSA Class Allegations Also Should Be Stricken for Failure**
10 | **to Comply With Local Rule 23-3.**

11 |     Local Rule 23-3 is not limited to class actions under Federal Rule of Civil
12 | Procedure 23.  In fact, its provisions are triggered by any "pleading purporting to
13 | commence a class action" and only excludes "an action subject to the Private Securities
14 | Litigation Reform Act of 1995."  L.R. 23-3.  There is no authority holding that FLSA
15 | class actions are exempt from Rule 23-3, and the language of 29 U.S.C. § 216(b)
16 | suggests that it is a class action covered by the rule.  29 U.S.C. § 216(b) provides: "An
17 | action to recover the liability prescribed in either of the preceding sentences may be
18 | maintained against any employer … in any Federal or State court of competent
19 | jurisdiction by any one or more employees for and in behalf of himself or themselves
20 | *and other employees similarly situated*."  (Emphasis added.)  Because the FLSA
21 | permits an individual plaintiff to represent similarly situated persons in the class action
22 | context, without authority to the contrary, Rule 23-3's restrictions on "class actions"
23 | must apply to class actions brought under the FLSA.

24 |     Here, Plaintiffs' original Complaint, filed on March 2, 2009 and served on April
25 | 21, 2009, purported to commence a class action under the FLSA.  Therefore, the
26 | deadline for filing his motion for conditional certification of an FLSA opt-in class was
27 | more than a month earlier than that required to file his Rule 23 class certification
28 | motion.   There is no reason why Plaintiff could not have filed his motion within the

1   required time.  As discussed above, Plaintiff stated that he intended to file such a

2   motion.  Dkt. #12 at 2:22-23.  He even set an October 2009 deadline to file the motion.

3   *Id*.  While that date was already beyond the 90-day period, he failed to file the motion

4   even within the time frame set by himself.  Again, he cannot blame the delay on Judge

5   Larson as the 90-day period to bring his FLSA motion expired while Judge Larson was

6   still presiding over the case.

7        Accordingly, Plaintiffs' FLSA class allegations should also be stricken.

8   **D.    For the Same Reasons That It Should Strike Plaintiff's FLSA Class
    Action, the Court Also Should Strike Plaintiff's "Third" Cause of**

9   **Action for Violations of California Business and Professions Code
    Section 17200.**

10

11       Proposition 64, which was approved by voters on November 2, 2004, modified

12  California's Unfair Competition Law, Business and Professions Code Section 17200 *et*

13  *seq*. ("Section 17200"), by imposing new standing requirements for parties seeking

14  relief under Section 17200 (standing is limited to certain specified public officials and to

15  any person who has suffered injury in fact and has lost money or property as a result of

16  unfair competition) and requiring individuals, such as Plaintiff Ferrell, pursuing

17  representative actions to satisfy the class action requirements of Code of Civil

18  Procedure section 382.  Bus. & Prof. Code §§ 17203, 17204; *Californians for Disability*

19  *Rights v. Mervyn's LLC*, 39 Cal.4th 223, 228-229 (2006).  As a result of these

20  amendments, absent class certification, relief – and, in particular, restitution – cannot

21  extend beyond the named parties. *Ali v. U.S.A. Cab Ltd*., 176 Cal. App. 4th 1333, 1344

22  & n.2 (2009) ("By not pursuing class certification on the third and fourth counts [for

23  failure to provide meal and rest breaks], plaintiffs have implicitly relinquished class

24  treatment of any claims under the fifth and seventh causes of action pertaining to meal

25  and rest breaks.").

26       In *Ali*, the court found that the failure to pursue class certification of plaintiff's

27  meal and rest break claims implicitly relinquished class treatment of claims under

28  Section 17200 pertaining to those same claims. *Id*.

Here, Plaintiff's Section 17200 claim is dependent upon his FLSA overtime claim (SAC ¶¶ 71-75) and must be stricken if the Plaintiff is unable to pursue his FLSA claim on a representative basis due to his failure to comply with Local Rule 23-3. *Ali*, 176 Cal. App. 4th at 1344 & n.2.

### E. Plaintiff's Attempt to Certify a State Law Opt-Out Class Action Under Rule 23 Is Inherently Incompatible With His Simultaneous Pursuit of a FLSA Opt-In Collective Action Under Section 216(b).

To the extent that Plaintiff's Rule 23 and Section 216(b) class allegations are not stricken for failure to comply with the Local Rules, they should be stricken because they are inherently incompatible with each other. The SAC purports to bring a FLSA *opt-in* collective action claim under Section 216(b) while at the same time bringing a Rule 23 *opt-out* class action by bootstrapping the same alleged overtime violations to an alleged violation of California Business and Professions Code Section 17200. SAC ¶¶ 31, 71-75. This is an impermissible attempt to evade the express limitations Congress placed on the scope of actions permissible under the FLSA.

Section 216(b) restricts actions for the recovery of overtime pay by requiring putative collective action class members to affirmatively consent to joining the litigation through an opt-in procedure:

> No employee shall be a party plaintiff to any such action **unless he gives his consent** in writing to become such a party and consent is filed in the court in which such action is brought....

29 U.S.C. § 216(b) (emphasis added). Conversely, under Rule 23, unnamed plaintiffs are made members of the class by default and bound by any resulting judgment unless they affirmatively opt-out from the class upon receiving notice of the class action. Fed. R. Civ. P. 23(c)(2)(B). As one district court aptly explained:

> In other words, the FLSA suit provides a means of participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join. By contrast, a Rule 23 class requires that a potential class member take affirmative action not to be bound by the judgment.

*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 469-70 (N.D. Cal. 2004).

1    Indeed, allowing FLSA opt-in collective action claims to be brought at the same

2    time as Rule 23 opt-out class actions under state law for the same alleged violations

3    would run afoul of Congress' intent in requiring opt-in collective actions under the

4    FLSA when it crafted Section 216(b) and passed the Portal-to-Portal Act. 29 U.S.C.

5    § 251(a)(1), (7). Congress in 1947 perceived a national emergency spawned by out-of-

6    control litigation of employee minimum wage and overtime claims. *See* 29 U.S.C. §

7    251; 93 Cong. Rec. 2, 2,089-98, 2,182 (statements of Sen. Donnell). It enacted the opt-

8    in provision of the FLSA in response. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301,

9    306, 310 (3d Cir. 2003) (finding that, "[f]or policy reasons articulated in the legislative

10   history, Congress chose to limit the scope of representative actions for overtime pay and

11   minimum wage violations"). In doing so, Congress prohibited opt-out representative

12   actions for overtime pay claims. Publ. L. No. 49, ch. 52, 61 Stat. 84, 87 (1947). In

13   enacting the statutory provision entitled "Representative Actions Banned," Congress

14   expressed its intent that unless plaintiffs were prevented from aggregating claims by the

15   class action device, "the courts of the country would be burdened with excessive and

16   needless litigation and champertous practices would be encouraged." 29 U.S.C.

17   § 251(a)(1), (7). In addition to controlling the volume of litigation, Congress sought to

18   ensure that "absent individuals would not have their rights litigated without their input

19   or knowledge." *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006).

20   Indeed, adoption of the opt-in provision in 29 U.S.C. § 216(b) was "a crucial policy

21   decision." *De Asencio*, 342 F.3d at 311.

22        Accordingly, district courts in this and other districts find opt-in and opt-out

23   classes inherently incompatible when brought in the same action.[5] *See, e.g., Harper v.*

24   _____

25        [5] *See Cornn v. United Parcel Serv., Inc.*, No. C03-2001 THE, 2006 WL 2642540,
     *3 (N.D. Cal. Sept. 16, 2006) ("There is a fundamental difference between a class
26   action, such as this one, brought under Rule 23 … and a [collective] action pursued
     under § 216(b)."); *Ellis v. Edward D. Jones & Co., L.P.*, No. 06-662007, 2007 WL
27   4426615, *12 (W.D. Pa. Dec. 18, 2007) ("In light of the policies that underlie the FLSA;
     Congress's clear intent to further those policies through enactment of the Portal-to-
28   Portal Act's amendments to section 16(b) of the FLSA, 29 U.S.C. § 216(b); and the total
     negation of those policies that would occur if the Court were to allow Plaintiffs to

11

1  *Yale Intern. Ins. Agency, Inc.*, No. 03 C 3789, 2004 WL 1080193, *5 (N.D. Ill. May 12,

2  2004) (Pallmeyer, J.) (refusing to certify a state law opt-in class seeking overtime wages

3  where plaintiffs "arguably subverted congressional intent in creating the FLSA opt-in

4  procedure by choosing to seek class certification of their [state law] claims instead of

5  pursuing an FLSA collective action."); *Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C

6  7362, 2004 WL 442638, *11 (N.D. Ill. Mar. 10, 2004) (Pallmeyer, J.) (same).  Among

7  the Circuits, only the Fifth Circuit appears to have addressed this issue, concluding that

8  Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable."  *LaChapelle v.*

9  *Owens-Corning, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

10         While a handful of courts have held that the FLSA's opt-in process does not

11  preclude a cause of action alleging violations of the FLSA under Section 17200, such

12  decisions are not consistent with Ninth Circuit precedent.  In *Wood v. TriVita, Inc.*, the

13  Court rejected the reasoning of one California Court of Appeal that permitted a FLSA

14  Rule 23 class action through a Section 17200 claim,[6] explaining that "overtime claims

15  that are directly covered by the FLSA must be brought under the FLSA."  *Wood v.*

16  *TriVita, Inc.*, No. CV-08-0765-PHX, 2008 WL 6566637, *4 (D. Ariz. Sept. 18, 2008)

17  (citing 29 U.S.C. § 218(a); *Williamson v. General Dynamics Corp.*, 208 F.3d 1144,

18  1151, 1154 (9th Cir. 2000)).  Thus, *Wood* supported its dismissal of the plaintiff's state

19  law claims in conflict with the FLSA claims on preemption grounds.  *Id.*; *see also*,

20  *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) ("Congress prescribed

21  exclusive remedies in the FLSA for violations of its mandates."); *Roman v. Maietta*

22  *Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) ("'the FLSA is the exclusive remedy for

23

24

25  ―――――――――――――――――――――――――――――――――――

26  pursue state law overtime remedies under Fed.R.Civ.P. 23 and FLSA opt-in remedies in
    the same action, the Court finds that Plaintiffs' parallel state claims must be
    dismissed."); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 58 (W.D. Tex. 2003)

27  ("Plaintiffs may not rely upon Rule 23's opt-out class structure to cover both the FLSA
    claim and the state claim and proceed with both claims and one class.").

28         [6] *Harris v. Investor's Bus. Daily, Inc.*, 138 Cal. App. 4th 28, 32-36 (2006).

DEFENDANT CONOCOPHILLIPS PIPE LIEN CO.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS

1 enforcement of rights created under the FLSA'" ) (quoting *Tombrello v. USX Corp.*, 763

2 F.Supp. 541, 544-45 (N.D. Ala. 1991)).

3       Even if not prohibited, certification of an opt-out class under Rule 23 at the same

4 time as an FLSA opt-in class on the same overtime claims will result in confusion for

5 the putative class members as well as manageability problems for the Court. Under

6 Plaintiff's approach, class members will receive a notice providing them the opportunity

7 to opt-in to the FLSA overtime class. That notice implies that the putative class member

8 need do nothing if she wishes to avoid being bound by the results of the lawsuit because

9 she wants to pursue her own claims separately or otherwise. However, that same

10 putative class member will also receive a conflicting instruction requiring her to take

11 action in order to avoid being bound by the results of the same lawsuit under Rule 23.

12       As explained by the court in *Muecke v. A-Reliable Auto Parts and Wreckers, Inc.*,

13 No. 01 C 2361, 2002 WL 1359411 (N.D. Ill. June 21, 2002):

14         [O]nce employees who receive notice have decided whether to opt
into the FLSA class, we will have before the Court as plaintiffs all of
15 the present and former employees who wish to pursue a claim for
unpaid wages. Each of those persons then will be able to pursue on
16 his or her own behalf state law claims, which cover the very same
conduct as the FLSA claim. It is entirely possible – particularly in
17 light of the significant dispute over whether the alleged practices
were illegal – that only a few or a handful of employees will elect to
18 opt into the FLSA action. Were that to occur, we would be left with
the rather incongruous situation of an FLSA "class" including only a
19 tiny number of employees who are interested in seeking back wages,
with a state-law class that nonetheless includes all or nearly all of the
20 companies' present or former employees. Because all of the
companies' present and former employees will have the chance to
21 decide whether to join the case, and because those who wish to do so
will be before the Court, it makes no real sense to the Court to certify
22 a class that will automatically include all of the employees unless
they opt out. Under these circumstances, and because of the
23 relatively modest number of existing present and former employees,
the Court sees nothing to favor the proposition that we should
24 impose on the collective FLSA claim an overlay of a Rule 23(b)(3)
state-law class.
25

26 *Id*. at *2 (footnotes omitted); *see also Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-

27 0605-RCJ, 2007 WL 2429149, *4 (D. Nev. Aug. 20, 2007) (dismissing plaintiff's

28 Section 17200 opt-out action concurrently filed with its FLSA opt-in action because to

1   do so would "bring into the case under Rule 23 the other 1,100 Californians who failed

2   to affirmatively opt into the FLSA action"); *Otto*, 457 F. Supp. 2d at 523 ("It is clear that

3   Congress labored to create an opt-in scheme when it created Section 216(b) specifically

4   to alleviate the fear that absent individuals would not have their rights litigated without

5   their input or knowledge."); *Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006

6   WL 42368, *5 (D.N.J. Jan. 6, 2006) ("Allowing Plaintiff Moeck to circumvent the opt-

7   in requirement and bring unnamed parties into federal court by calling upon state

8   statutes similar to the FLSA would undermine Congress's intent to limit these types of

9   claims to collective actions."); *Himmelman v. Continental Cas. Co.*, No. Civ. 06-

10  166(GEB), 2006 WL 2347873, *2 (D.N.J. Aug. 11, 2006) (striking class allegations on

11  same grounds); *McClain v. Leon's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004)

12  ("McClain cannot circumvent the opt-in requirement and bring unnamed parties into

13  federal court by calling upon state statutes similar in substance to the FLSA that lack the

14  opt-in requirement").

15      In *Leuthold v. Destination Am., Inc.*, the court explained the central conflict

16  between two class action devices:

17          Should only a few plaintiffs opt in to the FLSA class after the court
            were to certify a Rule 23 state law class, the court might be faced
18          with the somewhat peculiar situation of a large number of plaintiffs
            in the state law class who have chosen not to prosecute their federal
19          claims. The court might then be in a position in which declining
            supplemental jurisdiction would be appropriate, given that the state
20          law claims could be said substantially to predominate over the
            federal claims (citation omitted). Further, the policy behind
21          requiring FLSA plaintiffs to opt in to the class would largely be
            thwarted if a plaintiff were permitted to back door the shoehorning in
22          of unnamed parties through the vehicle of calling upon similar state
            statutes that lack such an opt-in requirement [citation].
23

24  224 F.R.D. at 469-71. Likewise, in *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986

25  (C.D. Cal. 2006), Chief Judge Audrey Collins followed *Leuthold*'s reasoning and denied

26  Rule 23 class certification on the same grounds, noting that confusion was likely to

27  result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the

28  suit if both class actions were to proceed. *Id.* at 992; *see also Hoffman v. Constr.*

14

1 | *Protective Serv., Inc.*, No. EDCV 03-01006-VAP, 2004 WL 5642136, *7-8 (C.D. Cal.

2 | Jul. 13, 2004) (conditionally certifying a class under Section 216(b) and dismissing the

3 | plaintiff's Rule 23 motion for class certification).

4 | Furthermore, concurrent certification of the two overtime classes would permit

5 | Plaintiff to seek a longer 4-year statute of limitations for its FLSA claims when the

6 | FLSA expressly limits overtime claims to a 2-year statute of limitations.[7] *Williams*,

7 | 2007 WL 2429149, at *4 (dismissing plaintiff's Section 17200 opt-out action in part

8 | because it would permit plaintiffs "to escape the stricter FLSA statute of limitations by

9 | taking advantage of the Section 17200 four-year limitations period."); *Wood*, 2008 WL

10 | 6566637, at *6 ("Plaintiff may not avoid the FLSA's remedies or collective action

11 | procedures in order to seek a more favorable remedy or maintain a Rule 23 class

12 | action.").

13 | Accordingly, Plaintiff's Section 17200 claim should be stricken to avoid the

14 | confusion and manageability problems posed by proceeding with these conflicting class

15 | devices.

16 | ## IV.  CONCLUSION

17 | For all of the foregoing reasons, the Court should grant ConocoPhillips' motion

18 | and strike paragraphs 10 through 29 of the SAC (Rule 23 Class Allegations), paragraphs

19 | 30 through 35 (FLSA Collective Action Allegations), paragraphs 36 through 42 (PAGA

20 | Allegations premised on Labor Code violations relied upon for Rule 23 Class

21 | Allegations), paragraphs 71 through 75 (Third Cause of Action for Violations of FLSA

22 | Under Cal. Bus. & Prof. Code §§ 17200, *et seq.*), all references to "Collective Action

23 | Plaintiffs" in paragraphs "54" through "70", paragraph 1 of the Prayer for Relief in

24 | which Plaintiff prays that a class be certified, paragraph 2 of the Prayer for Relief in

25 |

26 |

27 | [7] Under the FLSA, claims for unpaid compensation are typically subject to a two-year statute of limitations. 29 U.S.C. § 255(a). The statute of limitations for actions

28 | brought under Section 17200 is "four years after the cause of action accrued." Bus. & Prof. Code § 17208.

1   which Plaintiff prays that a class be certified under the FLSA, and paragraphs 7 and 8 of

2   the Prayer for Relief which seek remedies specific to the Plaintiff's representative

3   claims which ConocoPhillips seeks to strike.

4

5   Dated:  March 3, 2010                    AKIN GUMP STRAUSS HAUER &
                                             FELD LLP
6                                            Catherine A. Conway
                                             Scott J. Witlin
7                                            Jeremy F. Bollinger

8
                                             By_____/s/Catherine A. Conway_____
9                                                    Catherine A. Conway
                                             Attorneys for Defendant
10                                           CONOCOPHILLIPS PIPE LINE CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

5

6

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.  On March 3, 2010, I served the foregoing document(s) described as: **DEFENDANT CONOCOPHILLIPS PIPE LINE CO.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS** on the interested party(ies) below, using the following means:

7

8

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

9

10

11

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

13

Executed on March 3, 2010 at Los Angeles, California.

14

15

Rose Shushanyan _____         /s/ Rose Shushanyan _____
Print Name                                               Signature

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE