CATHERINE A. CONWAY (SBN 98366)
SCOTT J. WITLIN (SBN 137413)
JEREMY F. BOLLINGER (SBN 240132)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA  90067
cconway@akingump.com
switlin@akingump.com
jbollinger@akingump.com
Telephone:    310.229.1000
Facsimile:    310.229.1001

Attorneys for Defendant
CONOCOPHILLIPS PIPE LINE CO.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| DAMON FERRELL, an individual, on behalf of himself and all other similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS PIPE LINE CO., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. EDCV09-0431 RRP (OPx)<br><br>**DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Defendant's Statement of Uncontroverted Facts and Conclusions of Law, Declarations of Jeremy F. Bollinger and Roland Parker, Appendix of Administrative Authorities, and Proposed Order filed concurrently]<br><br>Date:    TBD<br>Time:    TBD<br>Ctrm:    TBD<br>Judge:   Hon. Rebecca R. Pallmeyer |

1       TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2       PLEASE TAKE NOTICE that on the hearing date to be set by the Court at the

3 telephonic Status Conference on April 22, 2010, defendant ConocoPhillips Pipe Line

4 Company ("ConocoPhillips") will and does hereby move for summary adjudication as

5 to Plaintiff Damon Ferrell's ("Plaintiff") second and third causes of action, claims for

6 civil penalties under the Private Attorney General Act, and class allegations under Rule

7 23.

8       This motion will be made pursuant to Federal Rule of Civil Procedure 56 on the

9 ground that there is no triable issue of material fact as to Plaintiff's second and third

10 causes of action alleged in Plaintiff's Second Amended Complaint ("Complaint") and

11 that ConocoPhillips is entitled to summary adjudication as a matter of law with respect

12 to:

13       1)    Plaintiff's Second Cause of Action for unpaid overtime under the FLSA

14 because he admitted at deposition that he is unaware of any instance in which

15 ConocoPhillips failed to pay him overtime compensation;

16       2)    Plaintiff's Second Cause of Action for unpaid overtime under the FLSA

17 because ConocoPhillips' practices do not violate the FLSA as a matter of law;

18       3)    Plaintiff's Third Causes of Action for Violations of Business & Professions

19 Code § 17200 because that claim is premised on the FLSA violations alleged in

20 Plaintiff's Second Cause of Action;

21       4)    Plaintiff's claim for civil penalties under PAGA because he has failed to

22 show that he followed the administrative prerequisites for bringing the claims; and

23       5)    Plaintiff's class allegations under Rule 23 because he is unable to establish

24 that he is an adequate representative, that he is typical of the class members he seeks to

25 represent, or that the class is sufficiently numerous.

26 / / /

27 / / /

28 / / /

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    This motion will be based on this Notice of Motion, ConocoPhillips'
2  Memorandum of Points and Authorities in Support of its Motion for Summary
3  Adjudication, the concurrently filed Statement of Uncontroverted Facts and Conclusions
4  of Law,  the Declarations of Jeremy F. Bollinger and Roland Parker in Support of
5  ConocoPhillips' motion and the documents and records attached thereto, all pleadings
6  and records on file in this action, any oral argument that may be presented at the hearing
7  on this motion, and any other matter that the Court deems appropriate.
8    This motion is made following the conference of counsel pursuant to L.R. 7-3
9  which took place on February 10, 2010.  Declaration of Jeremy F. Bollinger ("Bollinger
10  Decl.") ¶ 2.  ConocoPhillips attempted to further meet and confer with Plaintiff's
11  counsel, but Plaintiff's counsel insisted that the conference be recorded.  *Id*. ¶ 2, Ex. A.
12  L.R. 7-3 does not contemplate the recording of the conference of counsel.  *Hart v.*
13  *Gaioni*, No. CV02-01331 RMT, 2003 WL 21149935, at *2 (C.D. Cal. May 13, 2003)
14  (no failure to comply with L.R. 7-3 where "counsel refused to meet unless: 1) the
15  meeting was held at defense counsel's office, 2) the meeting was reported by a court
16  reporter, 3) the meeting was tape recorded, and 4) witnesses were permitted to be
17  present, *none of which were contemplated by L.R. 7-3*.") (emphasis added).  Where the
18  non-moving party refuses to meet and confer absent a recording, strict compliance with
19  L.R. 7-3 will not be required.  *See id.; Walshe v. Togo's Eateries, Inc.*, No. CV 07-2901
20  GPS, 2008 WL 2856412 at n.1 (C.D. Cal. July 21, 2008) (where the failure to adhere to
21  the explicit requirements of the meet and confer rule results in no prejudice to plaintiff,
22  it is well within the Court's discretion to evaluate the motion on the merits); *Stewart v.*
23  *Wachowski*, No. CV 03-2873 MMM, 2004 WL 5618386 n.2 (C.D. Cal. Sept. 28, 2004)
24  (considering motion where there had been "some attempt to comply with meet and
25  confer requirement").  Indeed, some judges in the Central District of California waive
26  the requirements of L.R. 7-3 with respect to dispositive motions, such as presented here.
27  *See, e.g.,* Judge Manuel L. Real's Order Re: Notice to Counsel at § 7 ("parties are NOT
28  obligated to meet and confer...for the purposes of preparing and filing dispositive

2

motions (to dismiss, summary judgment, etc).") (*available at*

http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa0

70/fa3ecae354361d0e8825681900830a42/$FILE/CV%20NOTICE%20TO%20COUNS

EL.pdf).

Dated:  April 22, 2010

AKIN GUMP STRAUSS HAUER &
FELD LLP
Catherine A. Conway
Scott J. Witlin
Jeremy F. Bollinger


By____/s/Catherine A. Conway_____
          Catherine A. Conway
Attorneys for Defendant
CONOCOPHILLIPS PIPE LINE CO.

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

**Page Number**

I.   INTRODUCTION ................................................1

II.  RELEVANT FACTUAL BACKGROUND ...........................1

III. STANDARD OF REVIEW ....................................3

IV. FERRELL CANNOT BRING HIS FLSA CLAIMS UNDER RULE 23. ...........4

V.   NOTICE OF BOTH AN OPT-IN AND OPT-OUT CLASS WILL CONFUSE PUTATIVE CLASS MEMBERS. ....................7

VI. PLAINTIFF CANNOT MEET HIS RULE 23 BURDEN. .................9

   A.  Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff And His Counsel Cannot Adequately Represent the Putative Class...........9

       1.  Plaintiff's Failure To Follow The Local Rules And Other Defects In His Complaint Demonstrate That He And His Counsel Cannot Adequately Represent the Putative Class.............10

       2.  Plaintiff's Inability And/Or Failure To Monitor The Litigation Demonstrates His Inadequacy To Represent The Interests Of Absent Class Members...............12

   B.  Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff Cannot Establish That The Class He Seeks To Represent Is Sufficiently Numerous...............13

   C.  Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff Is Not Typical Of The Class He Seeks To Represent. ...............16

VII. SUMMARY ADJUDICATION IS PROPER AS TO FERRELL'S SECOND CAUSE OF ACTION FOR OVERTIME PAY BECAUSE HE ADMITS CONOCOPHILLIPS HAS PAID ALL OVERTIME HE IS DUE......18

VIII. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS AS A MATTER OF LAW BECAUSE CONOCOPHILLIPS' PRACTICES DO NOT VIOLATE THE FLSA. ...............20

IX. PLAINTIFF'S THIRD CAUSE OF ACTION UNDER BUSINESS & PROFESSIONS CODE SECTION 17200 FAILS AS A MATTER OF LAW BECAUSE IT IS PREMISED ON PLAINTIFF'S FLSA ALLEGATIONS.......23

X.   PLAINTIFF'S PAGA CLAIMS SHOULD BE DISMISSED BECAUSE FERRELL FAILED TO COMPLY WITH THE ADMINISTRATIVE REQUIREMENTS OF LABOR CODE SECTION 2699...............24

XI. CONCLUSION...............25

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acton v. City of Columbia, Mo.*
   No. 03-4159, 2004 WL 2152297 (W.D. Mo. Sept. 10, 2004)............................ 22

*Anderson v. Sara Lee Corp.*
   508 F.3d 181 (4th Cir. 2007) ................................................................ 6

*Blackie v. Barrack*
   524 F.2d 891 (9th Cir. 1975) ................................................................ 16

*Bovee v. Coopers & Lybrand*
   216 F.R.D. 596 (S.D. Ohio 2003)................................................... 16, 18

*Cobb v. Aurora Loan Servs., LLC*
   408 B.R. 351 (E.D. Cal. 2009)............................................................. 17

*Cook County College Teachers Union, Local 1600 v. Byrd*
   456 F.2d 882 (7th Cir. 1972) ................................................................. 9

*Cornn v. United Parcel Serv., Inc.*
   No. C03-2001 THE, 2006 WL 2642540 (N.D. Cal. Sept. 16, 2006) .................. 5

*Crawford v. W. Elec. Co., Inc.*
   614 F.2d 1300 (5th Cir. 1980) .............................................................. 15

*Cusano v. Klein*
   264 F.3d 936 (9th Cir. 2001) ............................................................... 17

*De Asencio v. Tyson Foods, Inc.*
   342 F.3d 301 (3d Cir. 2003)................................................................... 4

*Doninger v. Pac. Nw. Bell, Inc.*
   564 F.2d 1304 (9th Cir. 1977) .............................................................. 15

*Ellis v. Edward D. Jones & Co., L.P.*
   527 F. Supp. 2d 439 (W.D. Pa. 2007)...................................................... 5

*Fisher v. U.S.*
   69 Fed.Cl. 193 (Fed.Cl. 2006) ............................................................. 14

*Gen. Tel. Co. of Sw. v. Falcon*
   457 U.S. 147 (1982)...................................................................... 16

*Hanon v. Dataprods. Corp.*
   976 F.2d 497 (9th Cir. 1992) ...................................................... 16

*Harper v. Yale Intern. Ins. Agency, Inc.*
   No. 03 C 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004) (Pallmeyer, J.)..... 5

*Helm v. Alderwoods Group, Inc.*
   --- F. Supp. 2d ----, 2009 WL 2337529 (N.D. Cal. July 29, 2009)...................... 9

*Hernandez v. Downey Sav. & Loan Ass'n., F.A.*
   No. 08-2336, 2009 WL 704381 (S.D. Cal. Mar. 17, 2009)............................... 17

*Hovsepian v. Apple, Inc.*
   No. 08-5788 JF, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009)........................ 13

*In re Baycol Prods. Litig.*
   593 F.3d 716 (8th Cir. 2010) ...................................................... 9

*In re Cal. Micro Devices Secs. Litig.*
   168 F.R.D. 257 (N.D. Cal. 1996)........................................................... 13

*In re Convergent Tech. Sec. Litig.*
   108 F.R.D. 328 (N.D. Cal. 1985)........................................................... 19

*In re LDK Solar Secs. Litig.*
   255 F.R.D. 519 (N.D. Cal. 2009)....................................................... 14

*Jackson v. City of San Antonio*
   220 F.R.D. 55 (W.D. Tex. 2003) ................................................... 5

*Jones v. Hartford Ins. Co. of the Midwest*
   243 F.R.D. 694 (N.D. Fla. 2006) ................................................... 10

*LaChapelle v. Owens-Illinois, Inc.*
   513 F.2d 286 (5th Cir. 1975) ...................................................... 5

*Mayfield v. Dalton*
   109 F.3d 1423 (9th Cir. 1997) ...................................................... 9

*Murillo v. Pac. Gas. & Elec. Co.*
   2010 U.S. Dist. LEXIS 20240 (E.D. Cal. Mar. 4, 2010)............................ 7, 8, 9

*Ortiz v. Fibreboard Corp.*
    527 U.S. 815 (1999)........................................................................ 7

*Otto v. Pocono Health Sys.*
    457 F. Supp. 2d 522 (M.D. Pa. 2006)............................................. 4

*Perine v. ABF Freight Systs., Inc.*
    457 F. Supp. 2d 1004 (C.D. Cal. 2006) .......................................... 3

*Quezada v. Loan Center of California, Inc.*
    No. CIV. 2:08-00177 WBS, 2009 WL 5113506 (E.D. Cal. Dec. 18, 2009)..... 16

*Roe v. Town of Highland*
    909 F.2d 1097 (7th Cir. 1990) ............................................... 14, 16

*Roman v. Maietta Constr., Inc.*
    147 F.3d 71 (1st Cir. 1998)........................................................... 6

*Runaj v. Wells Fargo Bank*
    No. 09cv1320, --- F. Supp. 2d ----, 2009 WL 3234182 (S.D. Cal. Sept. 30,
    2009) .............................................................................................. 17

*Rutledge v. Electric Hose & Rubber Co.*
    511 F.2d 668 (9th Cir. 1975) ........................................................ 9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*
    No. 08-1008, --- S.Ct. ----, 2010 WL 1222272 (Mar. 31, 2010) .................. 6, 9

*Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C 7362, 2004 WL 442638, at *11
    (N.D. Ill. Mar. 10, 2004)............................................................... 5

*Spectrum Fin. Cos. v. Marconsult, Inc.*
    608 F.2d 377 (9th Cir. 1979) ....................................................... 15

*Turner v. Cook*
    362 F.3d 1219 (9th Cir. 2004) ................................................ 17, 18

*Vega v. T-Mobile USA, Inc.*
    564 F.3d 1256 (11th Cir. 2009) .................................................. 14

*Vinole v. Countrywide Home Loans, Inc.*
    571 F.3d 935 (9th Cir. 2009) ........................................................ 9

iv

*Waisbein v. UBS Fin. Servs. Inc.*
  No. C-07-2328 MMC, 2008 WL 753896 (N.D. Cal. Mar. 19, 2008) ......... 24, 25

*Wang v. Chinese Daily News, Inc.*
  435 F. Supp. 2d 1042 (C.D. Cal. 2006) .............................................. 23

*Wood v. TriVita, Inc.*
  No. CV-08-0765-PHX, 2008 WL 6566637 (D. Ariz. Sept. 18, 2008)............... 6

CALIFORNIA CASES

*Ali v. U.S.A. Cab Ltd.*
  176 Cal. App. 4th 1333 (2009) ...................................................... 23, 24

*Caliber Bodyworks, Inc. v. Superior Court*
  134 Cal. App. 4th 365 (2005) ....................................................... 24, 25

*Californians for Disability Rights v. Mervyn's LLC*
  39 Cal.4th 223 (2006) ................................................................ 23, 24

*Caro v. Procter & Gamble Co.*
  18 Cal. App. 4th 644 (1993) .......................................................... 16

*Harris v. Investor's Bus. Daily, Inc.*
  138 Cal. App. 4th 28 (2006) ........................................................... 6

FEDERAL STATUTES

8 U.S.C. § 1252 ............................................................................... 17

11 U.S.C. § 541 ............................................................................... 17

29 U.S.C. §§ 207 ......................................................................... 18, 19

29 U.S.C. § 216 ....................................................................... passim

29 U.S.C. § 251 ................................................................................ 4

§ 554 of Title 11 of the United States Code.............................................. 17

CALIFORNIA STATUTES

Business and Professions Code § 17200........................................ passim

Business and Professions Code § 17203................................................. 23

v

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Business and Professions Code § 17204.................................................. 23

Business and Professions Code § 17203.................................................. 23

Business and Professions § 17203 ......................................................... 23

California Labor Code § 226.................................................................. 10

California Labor Code § 2698................................................................. 1

California Labor Code § 2699.3........................................................ 24, 25

**OTHER STATE STATUTES**

Code of Civil Procedure § 382............................................................... 23

**OTHER AUTHORITIES**

29 Code of Federal Regulations 778.207................................................. 21

29 Code of Federal Regulations 778.217................................................. 22

29 Code of Federal Regulations 778.415................................................. 20

29 Code of Federal Regulations 778.417............................................ 20, 21

29 Code of Federal Regulations 778.419............................................ 20, 21

93 Cong. Rec. 2 ...................................................................................... 4

Bankruptcy Rule 6007........................................................................... 17

Federal Rule of Civil Procedure 11..................................................... 1, 12

Federal Rule of Civil Procedure 17....................................................... 17

Federal Rule of Civil Procedure 23.................................................. passim

Central District's Local Rule 23-3 ......................................................... 10

Department of Labor Field Operations Handbook § 32h02 ..................... 21

Department of Labor Opinion Letter FLSA2004-3 (May 13, 2004)...................... 21

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Damon Ferrell's ("Plaintiff" or "Ferrell") discovery responses demonstrate that he cannot prevail on several claims as a matter of law. He concedes that the allegations of his complaint are based on nothing more than what "*are now really assumptions and beliefs on the part of the attorney*." This admission reveals that no reasonable inquiry was made to ensure the complaint's "factual contentions have evidentiary support" (Fed. R. Civ. P. 11(b)(3)). His deposition testimony confirms the lack of evidence for certain claims. Plaintiff's Second Cause of Action seeks unpaid overtime. At deposition Ferrell admitted there were *no* instances in which Defendant ConocoPhillips Pipe Line Co. ("ConocoPhillips") has failed to pay him overtime and that he seeks only compensation for missed meal breaks. Further, his lawyers' claims notwithstanding, ConocoPhillips' calculation of Ferrell's regular rate of pay is proper under the FLSA. Similarly, his Third Cause of Action under Business & Professions Code § 17200, premised on his claim for unpaid overtime, also must fail. Plaintiff's failure to comply with the administrative prerequisites of the Private Attorney General Act ("PAGA"), under Labor Code § 2698, is fatal to that claim. Summary adjudication of Plaintiff's Rule 23 allegations is appropriate due to undisputed evidence that Plaintiff cannot meet several Rule 23(a) requirements. For the reasons set forth below, the Court should grant ConocoPhillips' motion for summary adjudication.

### II.   RELEVANT FACTUAL BACKGROUND

At deposition, Ferrell testified that he does not know of any instance in which ConocoPhillips has failed to pay him overtime:

> Q: Now, is it your contention that ConocoPhillips hasn't paid you overtime?
>
> A: No.

(Defendant's Statement of Uncontroverted Facts ["UF"] No. 1.) Nor does Ferrell "know anyone who Conoco has not paid overtime to." (UF No. 2.) In fact, Ferrell does not

1

1 │ include unpaid overtime among the relief he is seeking in this lawsuit:

2 │         Q: And what is it that you're hoping to result from this lawsuit?

3 │         A: Compensation for missing lunches and meal breaks.

4 │         Q: Anything else?

5 │         A: No.

6 │ (UF No. 3.)

7 │     Ferrell's response to ConocoPhillips' Special Interrogatory No. 12 confirms that

8 │ Ferrell has no evidence of overtime violations. Special Interrogatory No. 12 asked

9 │ Ferrell to "IDENTIFY all weeks in which YOU worked in excess of forty (40) hours

10 │ and did not receive overtime premiums to which YOU were entitled, as alleged in

11 │ paragraphs 48, 49, 50, and 52 [of the FAC],"[1] Ferrell refused to answer on the grounds

12 │ of attorney work product:

13 │     [D]iscovery in this lawsuit is still in the nascent stages and the "facts" that
are believed to be true at this time might be revealed to be incorrect at a

14 │ later time. ***These "facts" are now really assumptions and beliefs on the
part of the attorney*** and, therefore, are part of the attorney work product.

15 │ The attorney for this responding party is not required to review his/her
thinking processes for opposing counsel. This demand is, therefore,

16 │ violative of the attorney work product privilege.

17 │ (UF No. 4) (emphasis added).

18 │     Plaintiff testified that he has no knowledge of pipeline employees that is relevant

19 │ to his allegations. (UF No. 5.) He does not know the names of such employees (UF

20 │ No. 6), he does not know their meal break practices (UF No. 7), and he does not know

21 │ how they are paid (UF No. 8). Likewise, Ferrell has no knowledge of the working

22 │ conditions or meal break practices of employees at any terminal other than at the one

23 │ where he works, Los Angeles Terminal. (UF No. 9.)

24 │     As of the date of his deposition, nearly one year after the filing of this case,

25 │ Ferrell still did not understand what his role and responsibilities are as a class

26 │ representative, other than "[j]ust to tell the truth." (UF No. 10.) He does not know if he

27 │

28 │    [1] Paragraphs cited in FAC correspond to paragraphs 56, 57, 58, 60 of SAC.

reviewed the first or second amended complaints before they were filed (UF No. 11) and admitted that he only "may glance" at the documents sent to him. (UF No. 12.) "I rely on my attorneys to tell me what's going on in the case. If it's something that I need to know, they send me the paperwork --." (UF No. 13 (testifying that apart from what he has been told by his attorneys, he has no independent basis for his overtime claims)). However, he does not know if or why the complaint was amended a first or second time, or why certain claims were dropped from the complaint. (UF No. 14.) Ferrell has not heard of several of the claims alleged in his complaint and does not understand what they mean. He does not know what a class action is, what an opt in class action is, what a representative action is, or what a private attorney general action is. (UF No. 15.) He testified that he simply assumed that whatever his lawyers wrote in the complaints was correct. (UF No. 16.)

## III.   **STANDARD OF REVIEW**

"Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Perine v. ABF Freight Systs., Inc.*, 457 F. Supp. 2d 1004, 1010 (C.D. Cal. 2006). "The moving party bears the initial burden of establishing the absence of a genuine issue of material fact," which "may be met by 'showing … that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial." *Id.* "'A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact.'" *Id.* (quoting *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000)). "Only genuine disputes – where the evidence is such that a reasonable jury could return a verdict for the nonmoving party – over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

3

1  of summary judgment." *Id.*

2  **IV.  FERRELL CANNOT BRING HIS FLSA CLAIMS UNDER RULE 23.**

3        Plaintiff's attempt to bring a Rule 23 class action by bootstrapping his FLSA

4  allegations to Business and Professions Code Section 17200 (SAC ¶¶ 31, 71-75) is an

5  impermissible attempt to evade the express limitations Congress placed on the scope of

6  actions for violations of the FLSA.  Congress in 1947 perceived a national emergency

7  spawned by out-of-control litigation of employee minimum wage and overtime claims.

8  *See* 29 U.S.C. § 251; 93 Cong. Rec. 2, 2,089-98, 2,182 (statements of Sen. Donnell).  It

9  enacted the opt-in provision of the FLSA in response.  *De Asencio v. Tyson Foods, Inc.*,

10  342 F.3d 301, 306, 310 (3d Cir. 2003) (finding that, "[f]or policy reasons articulated in

11  the legislative history, Congress chose to limit the scope of representative actions for

12  overtime pay and minimum wage violations").  Accordingly, Congress prohibited opt-

13  out representative actions for overtime pay claims.  Publ. L. No. 49, ch. 52, 61 Stat. 84,

14  87 (1947).  Congress foresaw that without a limitation on class actions, "the courts of

15  the country would be burdened with excessive and needless litigation and champertous

16  practices would be encouraged." 29 U.S.C. § 251(a)(1), (7).  In addition to controlling

17  the volume of litigation, Congress sought to ensure that "absent individuals would not

18  have their rights litigated without their input or knowledge." *Otto v. Pocono Health*

19  *Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006).  Indeed, adoption of the opt-in

20  provision in 29 U.S.C. § 216(b) was "a crucial policy decision." *De Asencio*, 342 F.3d

21  at 311.

22        Section 216(b) restricts actions for the recovery of overtime pay by requiring

23  putative collective action class members to affirmatively consent to joining the litigation

24  through an opt-in procedure. 29 U.S.C. § 216(b).  Indeed, allowing FLSA opt-in

25  collective action claims to be brought at the same time as Rule 23 opt-out class actions

26  under state law for the same alleged violations would run afoul of Congress' intent in

27  requiring opt-in collective actions under the FLSA when it crafted Section 216(b) and

28  passed the Portal-to-Portal Act. 29 U.S.C. § 251(a)(1), (7).  Section 216 provides: "No

1  employee shall be a party plaintiff to any such action unless he gives his consent in

2  writing to become such a party and such consent is filed in the court in which such

3  action is brought." 29 U.S.C. § 216(b).  Significantly, the statute limits the right to be a

4  party plaintiff to *any such action.*  It does not permit someone who does not give written

5  consent to be a party to some of the claims in that action but not others.  The prohibition

6  is complete as to that action, unless written consent to participate is filed with the court.

7      Accordingly, district courts in this and other districts find opt-in and opt-out

8  classes inherently incompatible when brought in the same action even when the claims

9  brought under Rule 23 are not FLSA claims.[2]  *See, e.g.,Harper v. Yale Intern. Ins.*

10 *Agency, Inc.*, No. 03 C 3789, 2004 WL 1080193, at *5 (N.D. Ill. May 12, 2004)

11 (Pallmeyer, J.) (refusing to certify a state law opt-in class seeking overtime wages where

12 plaintiffs "arguably subverted congressional intent in creating the FLSA opt-in

13 procedure by choosing to seek class certification of their [state law] claims instead of

14 pursuing an FLSA collective action.");  *Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C

15 7362, 2004 WL 442638, at *11 (N.D. Ill. Mar. 10, 2004) (Pallmeyer, J.) (same).  The

16 only Circuit Court to directly address the issue concluded that Section 216(b) and Rule

17 23 are "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Illinois, Inc.*, 513

18 F.2d 286, 288 (5th Cir. 1975).

19     While courts have held that the FLSA's opt-in process does not preclude a cause

20 of action alleging violations of the FLSA under Section 17200, that is not the unanimous

21

22      [2] *See Cornn v. United Parcel Serv., Inc.*, No. C03-2001 THE, 2006 WL 2642540,
   *3 (N.D. Cal. Sept. 16, 2006) ("There is a fundamental difference between a class
23 action, such as this one, brought under Rule 23 … and a [collective] action pursued
   under § 216(b)."); *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 452 (W.D.
24 Pa. 2007) ("In light of the policies that underlie the FLSA; Congress's clear intent to
   further those policies through enactment of the Portal-to-Portal Act's amendments to
25 section 16(b) of the FLSA, 29 U.S.C. § 216(b); and the total negation of those policies
   that would occur if the Court were to allow Plaintiffs to pursue state law overtime
26 remedies under Fed.R.Civ.P. 23 and FLSA opt-in remedies in the same action, the Court
   finds that Plaintiffs' parallel state claims must be dismissed."); *Jackson v. City of San*
27 *Antonio*, 220 F.R.D. 55, 58 (W.D. Tex. 2003) ("Plaintiffs may not rely upon Rule 23's
   opt-out class structure to cover both the FLSA claim and the state claim and proceed
28 with both claims and one class.").

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  view of the district courts in the Ninth Circuit.  For example, in *Wood v. TriVita, Inc.*, the

2  Court rejected the reasoning of one California Court of Appeal that permitted a FLSA

3  Rule 23 class action through a Section 17200 claim,[3] explaining that "overtime claims

4  that are directly covered by the FLSA must be brought under the FLSA." *Wood v.*

5  *TriVita, Inc.*, No. CV-08-0765-PHX, 2008 WL 6566637, at *4 (D. Ariz. Sept. 18, 2008)

6  (citing 29 U.S.C. § 218(a); *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151,

7  1154 (9th Cir. 2000)).  Thus, *Wood* supported its dismissal of the plaintiff's state law

8  claims in conflict with the FLSA claims on preemption grounds.  *Id.*; *see also Anderson*

9  *v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) ("Congress prescribed exclusive

10  remedies in the FLSA for violations of its mandates."); *Roman v. Maietta Constr., Inc.*,

11  147 F.3d 71, 76 (1st Cir. 1998) ("'the FLSA is the exclusive remedy for enforcement of

12  rights created under the FLSA'" ) (citation omitted).

13      The conclusion that the Rule 23 vehicle is available for FLSA claims is supported

14  by the Supreme Court in a recent decision that addresses the interplay of Rule 23 and

15  Congressionally enacted statutes.  *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*

16  *Co.*, No. 08-1008, --- S.Ct. ----, 2010 WL 1222272 (Mar. 31, 2010).  The Supreme Court

17  held that Congress can and has created exceptions to Rule 23 by enacting statutes that

18  override it in certain circumstances.  *Id.* at *5 ("Congress … has ultimate authority over

19  the Federal Rules of Civil Procedure; it can create exceptions to an individual rule as it

20  sees fit--either by directly amending the rule or by enacting a separate statute overriding

21  it in certain instances."); *see, e.g.*, 8 U.S.C. § 1252(e)(1)(B) ("no court may … certify a

22  class under Rule 23 of the Federal Rules of Civil Procedure in any action for which

23  judicial review is authorized under a subsequent paragraph of this subsection").

24  Likewise, 29 U.S.C. § 216(b) is such a statute as it precludes including a person as a

25  party to an *action* "unless he gives his consent in writing to become such a party and

26  such consent is filed in the court in which such action is brought."  Furthermore, in

27

28

---

[3] *Harris v. Investor's Bus. Daily, Inc.*, 138 Cal. App. 4th 28, 32-36 (2006).

1    *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Supreme Court noted that "no

2    reading of [Rule 23] can ignore the [Rules Enabling] Act's mandate that 'rules of

3    procedure shall not abridge, *enlarge* or modify any substantive right.'" *Id*. at 845

4    (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) and 28 U.S.C. §

5    2072(b)) (emphasis added).

6    **V.**    **NOTICE OF BOTH AN OPT-IN AND OPT-OUT CLASS WILL CONFUSE**

7         **PUTATIVE CLASS MEMBERS.**

8         Even if not prohibited by statute, certification of an opt-out class under Rule 23 at

9    the same time as an FLSA opt-in class on the same overtime claims will result in

10   confusion for the putative class members as well as manageability problems for the

11   Court. Under Plaintiff's approach, class members will receive a notice providing them

12   the opportunity to opt-in to the FLSA overtime class. That notice must state that the

13   putative class member need do nothing if she wishes to avoid being bound by the results

14   of the lawsuit. However, that same putative class member will also receive a conflicting

15   instruction requiring her to take action in order to avoid being bound by the results of

16   the same lawsuit under Rule 23. Ferrell has contended that "[t]here is nothing

17   inherently contradictory or confusing in allowing a collective action to proceed at the

18   same time as a class action" (Dkt. #30 at 9:10-12), but he cannot rebut the reasons why

19   courts have found such inherent incompatibility in the cases cited by ConocoPhillips

20   (Dkt. #22 at 10-15). Ferrell cannot explain how this Court should reconcile the

21   confusion caused by a notice that requires a putative class member to both opt-in and

22   opt-out of two class actions for the same overtime claim (*id*. at 13-14).

23         The case of *Murillo v. Pac. Gas. & Elec. Co.*, 2010 U.S. Dist. LEXIS 20240 (E.D.

24   Cal. Mar. 4, 2010), previously cited by Ferrell (Dkt. #30 at 9-10) – in which the Eastern

25   District of California granted an *unopposed* motion for certification as part of the

26   approval of a class settlement – does not support his position. First, *Murillo* concerned

27   a motion for preliminary approval of a conditional settlement class. 2010 U.S. Dist.

28   LEXIS 20240, at *1. The court's review was focused more on the adequacy of the

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY
ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   settlement than on the management issues attendant an on-going contested case.  In fact,

2   the court noted that the plaintiff withdrew his motion for conditional certification of a

3   collective action (*id*. at *2-3) and found that "Plaintiff faced a significant amount of

4   uncertainty if he were to go forward with this litigation."  *Id*. at *36-37.  If the parties

5   had been determined to litigate the issues vigorously in *Murillo*, the court may have

6   been less willing to grant conditional certification.  Significantly, because the motion

7   was unopposed, the court did not have the benefit of opposing argument.  An opposed

8   motion may well have caused the court to more closely scrutinized the notice.

9        In any event, the *Murillo* notice itself illustrates the concerns inherent in

10   certifying an opt-in and opt-out class in the same action.  For example, the opt-out

11   procedure in the notice states that "[f]ailure to send in either an Opt-In or Opt-Out form

12   by the opt-in and opt-out deadlines will bind the class member to the settlement of the

13   Rule 23 state law claims, but will not preclude the class member from pursuing future

14   FLSA claims against defendant."  2010 U.S. Dist. LEXIS 20240, at *31-32.  This

15   notice procedure purports to allow a class member who does nothing (and is therefore

16   bound by the Rule 23 class) to "pursu[e] future FLSA claims against defendant."  *Id*. at

17   *32.  While as a technical matter, that individual could file an individual FLSA claim,

18   he or she would be collaterally estopped from re-litigating the issues resolved by the

19   Rule 23 class action.  Accordingly, where the Rule 23 class purports to litigate FLSA

20   violations through the vehicle of California's unfair business practice statute, the dual

21   procedure does not actually permit a class member to avail himself of the rights sought.

22   Because the Rule 23 action will necessarily require a determination of the identical

23   issues, that class member would be subject to issue preclusion even though he or she did

24   not elect to participate in the FLSA collective action.

25        That is precisely what would result here if Ferrell is permitted to pursue his FLSA

26   class claims using both the opt-in and opt-out class devices in the same action.  As

27   demonstrated by the class notice in *Murillo*, a putative class member who does nothing

28   will have his right to litigate his individual FLSA claims in a separate action abridged by

8

1 the rulings in *Murillo* because he will have been made a party to the *Murillo* action by

2 operation of the Rule 23 Section 17200 class. This would run afoul of the prohibition in

3 Section 216. Thus, this case presents the kind of circumstances in which Congress has

4 statutorily overridden Rule 23. *Shady Grove*, 2010 WL 1222272, at *5.

5 ## VI.  PLAINTIFF CANNOT MEET HIS RULE 23 BURDEN.

6 Before a plaintiff moves for class certification, a district court may deny class

7 certification where the plaintiff cannot meet his burden under Rule 23. *See Vinole v.*

8 *Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009) ("Rule 23 does

9 not preclude a defendant from bringing a 'preemptive' motion to deny certification");

10 *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975) (affirming

11 order granting defendants' motion to deny certification under Rule 23); *Helm v.*

12 *Alderwoods Group, Inc.*, --- F. Supp. 2d ----, 2009 WL 2337529, at *15 (N.D. Cal. July

13 29, 2009) (following *Vinole*); *see also In re Baycol Prods. Litig.*, 593 F.3d 716, 721 (8th

14 Cir. 2010) ("The district court and the parties in this appeal considered the motion as

15 one to deny class certification."); *Cook County College Teachers Union, Local 1600 v.*

16 *Byrd*, 456 F.2d 882, 884-85 (7th Cir. 1972) ("One opposing a class action may move for

17 an order determining that the action may not be maintained as a class suit."). 

18 Accordingly, even though the Court has stayed briefing on Plaintiff's Rule 23 class

19 certification motion pending its ruling on ConocoPhillips' motion to strike, the Court

20 may address the class certification issues here.

21
22 **A.    Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff And His Counsel Cannot Adequately Represent the Putative Class.**

23 In order to certify a class action pursuant to Federal Rule of Civil Procedure

24 23(b)(3), a Plaintiff must establish, among other things, that he and his counsel can

25 adequately represent the class. Fed. R. Civ. P. 23(a)(4); *Mayfield v. Dalton*, 109 F.3d

26 1423, 1427 (9th Cir. 1997) (denying certification where named plaintiffs were found to

27 be inadequate representatives).

28

1          1.    <u>Plaintiff's Failure To Follow The Local Rules And Other Defects In</u>
                 <u>His Complaint Demonstrate That He And His Counsel Cannot</u>
2                <u>Adequately Represent the Putative Class.</u>

3          Courts have recognized that the failure to follow locally mandated rules for filing

4    a motion for class certification demonstrates the inadequacy of the plaintiff and his

5    counsel to represent a class. *Jones v. Hartford Ins. Co. of the Midwest*, 243 F.R.D. 694,

6    696 (N.D. Fla. 2006) (plaintiff's failure to timely pursue discovery and timely file (or

7    move for an extension to file) the motion for class certification calls into question

8    plaintiff's ability to adequately protect the interests of the class) (citing *E. Tex. Motor*

9    *Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977)).

10         Indeed, Plaintiff Ferrell's failure to adhere to the Central District's Local Rule 23-

11   3 (discussed fully in Dkt. #22, ConocoPhillips' Motion to Strike) is only one of many

12   indicia of the inadequacy of Ferrell as a class representative, which he would have

13   needed to establish to satisfy Rule 23.  In his Motion for Leave to Amend the First

14   Amended Complaint, Ferrell conceded that the complaint he had already amended once

15   still contained factual errors, including repeated references to a union to which he did

16   not belong and which may not exist.  (UF No. 17.)  The FAC simply referred to the

17   union as "Local 365" without identifying the correct union or any union affiliation.  (UF

18   No. 18.)  As noted by the Court at the February 9, 2010, status conference, the SAC still

19   contains many errors and ill-defined allegations.[4]  Those errors are chargeable to both

20   Ferrell and his counsel and suggest that Ferrell's counsel did not conduct a reasonable

21   investigation prior to filing the various Complaints and has failed to amend the

22

23   _____

24        [4] The SAC's caption lists four claims, but the SAC actually pleads six causes of
     action.  Dkt. #15-1.  The last cause of action is mis-numbered as the "Eighth Cause of
25   Action."  The caption identifies the "Second Amended Class Action Complaint for Meal
     Breaks and Unfair Business Practices," but the Unfair Business Practice claim pursuant
26   to Bus. & Prof. Code § 17200 (Third Cause of Action) states that it is for "Violations of
     FLSA."  Paragraph 30 of the SAC refers to the "Fourth Cause of Action for violations of
27   the Fair Labor Standards Act," but the Fourth Cause of Action alleges violations of
     California Labor Code section 226 for failure to provide pay records.  Finally, the SAC
28   frequently misspells ConocoPhillips' name, and the footer still identifies this pleading as
     the FAC.  *Id.*

1   Complaint to allege a clear and concise pleading. Indeed, Plaintiff's discovery

2   responses demonstrate that his counsel conducted no investigation at all.

3        In response to twelve of the fourteen contention interrogatories ConocoPhillips'

4   served, eleven months following his initiation of this action Plaintiff provided the same

5   standard response in which he could not present any facts to support his claims because

6   "[they] are now really assumptions and beliefs on the part of the attorney and, therefore,

7   are part of the attorney work product." (UF No. 19 [Plaintiff's Corrected Response to

8   Special Interrogatory Nos. 3-14]). Those interrogatories seek the facts and identities of

9   witnesses that support Plaintiff's central allegations, including that "ConocoPhillips

10  failed to provide Plaintiff a meal period for numerous days worked" (Interrogatory No.

11  3), that Plaintiff or any putative class member worked in excess of forty hours and did

12  not receive overtime premiums (Interrogatory Nos. 12, 13, 14), that ConocoPhillips

13  "refus[ed] to pay [] all of [the class action plaintiffs'] wages upon termination"

14  (Interrogatory No. 9), as well as Plaintiffs' allegations regarding Plaintiff's typicality

15  and adequacy under Rule 23 (Interrogatory Nos. 10, 11). While some of the responses

16  provided the names of potential class members, the inclusion of Plaintiff's supervisor,

17  Scott Dunbar, an individual who clearly falls outside the scope of the class,

18  demonstrates that Plaintiff does not adequately understand his own claims and that his

19  counsel has not adequately investigated the claims or explained them to the Plaintiff.

20       Most telling, however, is Plaintiff's motion for class certification,[5] his

21  abandonment of the class meal break claims in this action, and his continued attempts to

22  change the class definition a week before he filed his motion for class certification.

23  Plaintiff based his decision to voluntarily dismiss his class meal break claims on his

24  mistaken belief that "a class action based on violation of California's meal break laws is

25  already being litigated with nearly identical proposed classes." Dkt. #30 at 8:3-4. The

26

27       [5] Plaintiff titled his motion "Motion for Conditional Certification of Collective

28  Action" (Dkt. #33) even though he had already filed a prior similarly entitled motion
    (Dkt. #20) and was moving pursuant to Federal Rule 23.

1  action cited by Ferrell is against a different entity and seeks certification of a different

2  putative class in a different class of facilities from those where Ferrell works. (Compare

3  Dkt. 30 at 8:13 and Bollinger Decl., Ex. D [Ferrell Depo. 7:9-11, 102:20-103:20].)

4        Plaintiff also conceded, one week before he filed his motion for class

5  certification, that his remaining Wage Class definition was defective, and proposed a

6  new class definition. (UF No. 20.) Plaintiff has moved to certify a class based on a

7  further modification of this new definition, but Plaintiff did not seek leave to yet again

8  amend his Complaint. Thus, Plaintiff has moved to certify a class that is not alleged in

9  the operative complaint.

10       Accordingly, neither Plaintiff nor his counsel have demonstrated through their

11 pleadings or conduct an ability to adequately represent the interests of absent class

12 members.

13       2.   Plaintiff's Inability And/Or Failure To Monitor The Litigation
14          Demonstrates His Inadequacy To Represent The Interests Of Absent
         Class Members.

15       Aside from the fact that Plaintiff's discovery responses reveal that no reasonable

16 inquiry was made to ensure the complaint's "factual contentions have evidentiary

17 support" in contravention of Rule 11(b)(3), conduct that is sanctionable under the rules

18 (Fed. R. Civ. P. 11(c)), Plaintiff has admitted that he has completely ceded all control

19 and oversight of the litigation to his attorneys. Ferrell explained that "I rely on my

20 attorneys to tell me what's going on in the case. If it's something that I need to know,

21 they send me the paperwork --." (UF No. 13 [testifying that apart from what he has

22 been told by his attorneys, he has no independent basis for his overtime claims]).

23 However, he conceded that he only "may glance" at the documents sent to him. (UF

24 No. 12.) Ferrell's inability or failure to monitor the litigation he initiated demonstrates

25 his inadequacy to represent the interests of absent class members. Other than "[j]ust to

26 tell the truth," Ferrell does not understand, nor have his attorneys explained to him, what

27 his role and responsibilities are as a class representative. (UF No. 21.) He does not

28 know why the complaint was amended a first or second time, or why certain claims

1   were dropped from the complaint. (UF No. 14.) In fact, he does not know if he
2   reviewed the first or second amended complaints before they were filed by his
3   attorneys. (UF No. 11.) He has never heard of several of the claims alleged in his
4   complaint and does not understand what they mean. He does not know what a class
5   action is, what an opt in class action is, what a representative action is, or what a private
6   attorney general action is. (UF No. 15.) He testified that he assumed that whatever his
7   lawyers wrote in the complaints was correct. (UF No. 16.)

8        If Ferrell cannot diligently review his own pleadings for factual errors and
9   monitor the conduct of his attorneys, he cannot adequately protect the interests of absent
10  class members. *In re Cal. Micro Devices Secs. Litig.*, 168 F.R.D. 257, 262 (N.D. Cal.
11  1996) (holding that "fair and adequate" representation requires that the class
12  representative be both willing and able to monitor closely the conduct of the class
13  counsel and that by allowing class counsel to assume control of the lawsuit the class
14  representatives do not meet the requirements of Rule 23(a)(4)). Because Ferrell's
15  inadequacy as a class representative is evidenced by the complaint itself and adequate
16  representation is a prerequisite for class certification, the Court may determine that the
17  action is not appropriate for class treatment on that basis alone. *Hovsepian v. Apple,*
18  *Inc.*, No. 08-5788 JF, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) (slip copy)
19  ("this Court has authority to strike class allegations prior to discovery if the complaint
20  demonstrates that a class action cannot be maintained.").

21       By allowing his counsel "to assume control of the lawsuit," Ferrell has failed to
22  meet the requirement of Rule 23(a)(4). *In re Cal. Micro Devices*, 168 F.R.D. at 262.
23  For these reasons, too, his class allegations should be dismissed.

24       **B.   Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff
25              Cannot Establish That The Class He Seeks To Represent Is Sufficiently
               Numerous.**

26       Rule 23(a)(1) provides that a class action is maintainable only if "the class is so
27  numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "While
28  plaintiffs need not allege the exact number or identity of class members, mere

13

1  speculation of the number of class members involved does not satisfy the requirement of

2  Rule 23 (a)(1)." *In re LDK Solar Secs. Litig.*, 255 F.R.D. 519, 525 (N.D. Cal. 2009);

3  *Fisher v. U.S.*, 69 Fed.Cl. 193, 198 (Fed.Cl. 2006) ("Plaintiff's assumption that at least

4  1/2 of one percent of policyholders filed claims is pure speculation, and as such, fails to

5  satisfy RCFC 23(a)(1)"); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267-1268 (11th

6  Cir. 2009) ("district court abused its discretion by finding the numerosity requirement to

7  be satisfied with respect to a Florida-only class when the record is utterly devoid of any

8  showing"); *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990) (party

9  supporting the class cannot rely on "mere speculation" or "conclusory allegations" as to

10  the size of the putative class to prove that joinder is impractical).

11      Plaintiff's newly proposed wage class includes:

12
13      Any hourly employees who worked for ConocoPhillips Pipe Line Co. within the state of California at any point on or after March 2, 2005 who: (1) received pay in the form of a shift differential, a meal allowance, or meal premium wages in any week in which they worked more than 40 hours; **or** (2) received any payment for educational benefits in any year in which they worked more than 40 hours in any week; **and** who did not have the amounts for payments made under (1) or (2) above included in their regular-rate-of-pay on which their overtime was paid.

14
15
16

17  Dkt. #33 at 1-2 (original emphasis).

18      Plaintiff contends there are "more than 80 individuals who receive the types of

19  compensation at issue" (Dkt. #33 at 21-22), but there is no such evidence in the record.

20  At most there are 80 potential hourly employees.  (UF No. 22.)  But, there is **no**

21  evidence or testimony that would advise this Court as to how many of those individuals

22  (1) have earned overtime compensation on a shift in which they were entitled to a shift

23  differential, (2) have received a meal allowance, (3) have been paid a meal premium

24  wage, or (4) received any payment for educational benefits in a year in which they

25  worked more than 40 hours in any week.  These types of compensation are based on

26  individualized circumstances.

27      Furthermore, the vast majority of the alleged 80 are individuals NOT similarly

28  situated to Ferrell.  In fact, 67 of those people work in the Pipeline division.  (UF No.

14

1 | 23.)  The only evidence in the record is that Pipeline division employees have different

2 | job duties than the terminal operators like Ferrell.  Ferrell Depo. 108:18-109:12.

3 |       Plaintiff's deposition testimony demonstrates that he has no knowledge of

4 | pipeline employees that is relevant to his allegations.  (UF No. 5.)  He does not know

5 | their names (UF No. 6), he does not know their meal break practices (UF No. 7), and he

6 | does not know how they are paid (UF No. 8).  There is no evidence in the record that

7 | any of the Pipeline employees missed a meal break or have not been compensated for a

8 | missed meal period.  Likewise, Ferrell has no knowledge of the working conditions or

9 | meal break practices of employees at any terminal other than at the one where he works,

10 | Los Angeles Terminal.  (UF No. 9.)  At that facility, Plaintiff only knows of six potential

11 | plaintiffs, including himself, whom he claims fall into this definition.[6]  (UF No. 25.)

12 | Thus, Ferrell cannot adequately represent the interests of any putative class members

13 | other than those at the Los Angeles Terminal.  Even then, individual issues may

14 | predominate.

15 |       Assuming Ferrell is even typical of the five other bulk operators employed at the

16 | Los Angeles Terminal covered by a collective bargaining agreement, six potential

17 | plaintiffs does not a class make.  *See Spectrum Fin. Cos. v. Marconsult, Inc.*, 608 F.2d

18 | 377, 382 (9th Cir. 1979) (joinder not shown to be impracticable because all 92 parties

19 | could be identified and reached for litigation communications); *Doninger v. Pac. Nw.*

20 | *Bell, Inc.*, 564 F.2d 1304, 1309-11 (9th Cir. 1977) (numerosity not met with 13 potential

21 | class members); *Crawford v. W. Elec. Co., Inc.*, 614 F.2d 1300 (5th Cir. 1980) (proposed

22 | class of 34 was insufficient to satisfy numerosity).

23 |       Because Plaintiff can only speculate as to any other putative class members, class

25 | [6] While his interrogatory responses identified seven individuals whom Plaintiff says were not compensated for missed meal breaks, that number includes Scott Dunbar, his supervisor, who is exempt from the meal break provisions (Ferrell Depo. 59:13-15), Herman Papillon, a maintenance employee who has different job functions from the bulk operators like Ferrell (Ferrell Depo. 83:1-84:25), and Mike Drapo who worked at a non-California terminal until 2009 (Ferrell Depo. 105:8-21).  Ferrell later identified another individual who is deceased.  Ferrell Depo. 190:19-191:19.

1  certification is inappropriate. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)

2  (court may not conditionally certify a class on the basis of speculation that certification

3  requirements may later be met); *Town of Highland*, 909 F.2d at 1100 n.4 (same).

**C.    Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff Is Not Typical Of The Class He Seeks To Represent.**

6  Rule 23(a)(3) requires that Plaintiffs establish that they "possess the same interest

7  and suffer[ed] the same injury as the class members." *Gen. Tel. Co. of Sw. v. Falcon*,

8  457 U.S. 147, 156 (1982) (internal quotes omitted). Further, "there can be no class

9  certification unless it is determined by the trial court that similarly situated persons have

10 sustained damage. There can be no cognizable class unless it is first determined that

11 members who make up the class have sustained the same or similar damage." *Caro v.*

12 *Procter & Gamble Co*., 18 Cal. App. 4th 644, 664 (1993) (cited with approval in

13 *Bristow v. Lycoming Engines*, No. 06-1947, 2008 WL 2561105, at *2 (E.D. Cal. June

14 24, 2008)). Moreover, a plaintiff is not typical where he and the putative class face

15 different defenses. *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

16 In addition to the factors that affect Ferrell's ability to meet the numerosity and

17 adequacy requirements for class certification, Plaintiff Ferrell is susceptible to the

18 unique defense of lack of standing because he filed a petition for bankruptcy in 2005

19 and failed to schedule his claims in this case as an asset in the bankruptcy. (UF No. 26.)

20 If Ferrell is without standing, he is not entitled to litigate his claims in federal court and

21 therefore would not be an adequate representative of the class or typical of those he

22 seeks to represent. *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 611-612 (S.D. Ohio

23 2003) (plaintiff atypical because he did not list his alleged class claims in Chapter 7

24 bankruptcy petition); *see also Quezada v. Loan Center of California, Inc.*, No. CIV.

25 2:08-00177 WBS, 2009 WL 5113506, at *7 (E.D. Cal. Dec. 18, 2009) (slip copy)

26 ("While only the named plaintiff in a UCL class action based on fraudulent conduct

27 must demonstrate reliance and causation, [citation], plaintiff's unique susceptibility to a

28 challenge based on her standing to pursue a UCL claim is fatal.").

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (1). "It is well settled that prepetition causes of action … are assets included within the meaning of property of the estate." *Hernandez v. Downey Sav. & Loan Ass'n., F.A.*, No. 08-2336, 2009 WL 704381, at *3 (S.D. Cal. Mar. 17, 2009); *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004) ("Causes of action are among such legal or equitable interests" held by the bankruptcy estate); *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) (assets of the plaintiff's bankruptcy estate included prepetition causes of action for unpaid royalties); *Cobb v. Aurora Loan Servs., LLC*, 408 B.R. 351, 354 (E.D. Cal. 2009) (same).

After filing a petition for Chapter 7 bankruptcy protection, a debtor "may not prosecute a cause of action belonging to the bankruptcy estate" because the bankruptcy trustee is the "real party in interest" with respect to such claims. *Hernandez*, 2009 WL 704381, at *5 (citing *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1454 (D. Haw. 1996); *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996)); *see* Fed.R.Civ.P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

"In order to circumvent this proscription, a debtor must either show that his or her claims are exempt from the bankruptcy estate or were abandoned by the bankruptcy trustee." *Cobb*, 408 B.R. at 354 (citing *Rowland*, 949 F. Supp. at 1453-54); *see also Runaj v. Wells Fargo Bank*, No. 09cv1320, --- F. Supp. 2d ----, 2009 WL 3234182, at *6 (S.D. Cal. Sept. 30, 2009) ("[T]he Court finds Plaintiff is not a real party in interest to this case, as required by Rule 17. Therefore, Plaintiff is ordered to substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Fed. R. Civ. P. 17(a)(3). Alternatively, Plaintiff may amend her complaint to allege her lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee...."). "Section 554 of title 11 of the United States Code requires notice and a hearing for abandonment to occur, and Bankruptcy Rule

1  6007 requires the trustee to give notice of a proposed abandonment to all creditors."

2  *Turner*, 362 F.3d at 1226.

3        As in *Bovee v. Coopers & Lybrand*, Ferrell is an inadequate class representative

4  and atypical of the class he seeks to represent because he has no standing to bring the

5  claims alleged in his complaint. 216 F.R.D. at 612. At least some of his claims accrued

6  before his 2005 bankruptcy petition as the statute of limitations he alleges reaches to

7  March 2, 2005. Dkt. #33 at 1-2. Like *Bovee*, Ferrell did not list these claims in the

8  bankruptcy proceeding. 216 F.R.D. at 612. Thus, because "an unscheduled asset cannot

9  be abandoned," (*id.*), Ferrell's claims remain the property of the bankrupt estate. *Id*. In

10  *Bovee*, the court found that typicality was not ultimately destroyed because there were

11  additional class representatives who were typical. *Id*. ("With him excluded, the Court

12  finds no evidence that the claims of the remaining representatives are atypical of the

13  class."). In contrast, here, Ferrell is the only class representative named in the

14  complaint. As discussed above, Ferrell is unlikely to find a replacement as the class is

15  not numerous.

16  **VII.  SUMMARY ADJUDICATION IS PROPER AS TO FERRELL'S SECOND

17  CAUSE OF ACTION FOR OVERTIME PAY BECAUSE HE ADMITS
   CONOCOPHILLIPS HAS PAID ALL OVERTIME HE IS DUE.**

18        Plaintiff's Second Cause of Action seeks unpaid overtime pursuant to the FLSA,

19  29 U.S.C. §§ 207(a), 216(b). In support of his claim, Ferrell alleges that "Plaintiff and

20  Collective Action Plaintiffs worked *at least one week* in which all overtime premiums

21  were not paid by Defendants under the Fair Labor Standards Act within the two (2)

22  years prior to initiating this lawsuit." SAC ¶ 60 (emphasis added). At deposition,

23  however, Ferrell admitted that he does not know of any instance in which

24  ConocoPhillips has failed to pay him overtime:

25               Q: Now, is it your contention that ConocoPhillips hasn't paid you

26                  overtime?

27               A: No.

28

1  (UF No. 1.)[7]  When asked what he is hoping to achieve from this lawsuit, Ferrell only

2  answered, "Compensation for missing lunches and meal breaks." (UF No. 3.)  When

3  asked if he was seeking anything else, he responded, "No." *Id.*

4      Ferrell's response to ConocoPhillips' Special Interrogatory No. 12 confirms that

5  Ferrell has no evidence of overtime violations.  Special Interrogatory No. 12 asked

6  Ferrell to "IDENTIFY all weeks in which YOU worked in excess of forty (40) hours

7  and did not receive overtime premiums to which YOU were entitled, as alleged in

8  paragraphs 48, 49, 50, and 52 [of the FAC],"[8] Ferrell refused to answer on the grounds

9  of attorney work product:

10  [D]iscovery in this lawsuit is still in the nascent stages and the "facts" that
   are believed to be true at this time might be revealed to be incorrect at a
11  later time. ***These "facts" are now really assumptions and beliefs on the
   part of the attorney*** and, therefore, are part of the attorney work product.
12  The attorney for this responding party is not required to review his/her
   thinking processes for opposing counsel.  This demand is, therefore,
13  violative of the attorney work product privilege.

14  (UF No. 4 [Plaintiff's Corrected Response to Special Interrogatory No. 12 at 11:22-27]).

15  Putting aside the fact that evidence in support of specific allegations in a complaint are

16  not attorney work product (*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 340-41

17  (N.D. Cal. 1985)), Plaintiff's response to Interrogatory No. 12 shows that the allegations

18  of unpaid overtime are not based on any facts provided by Plaintiff but rather on

19  "assumptions and beliefs" *of his attorney*.  Indeed, his attorney's assumptions that are

20  "believed to be true at [the] time [Plaintiff filed his complaint] [were] revealed to be

21  incorrect" at Plaintiff's deposition when he testified that he makes no claim for unpaid

22  overtime.  Accordingly, Plaintiff's sworn statements shows that there is no dispute that

23  Plaintiff has received all overtime compensation due him.

24      Accordingly, ConocoPhillips' motion should be granted as to Plaintiff's Second

25  Cause of Action.

26  _____

27  [7] Nor does Ferrell "know anyone who Conoco has not paid overtime to." (UF No. 2.)

28  [8] Paragraphs cited in FAC correspond to paragraphs 56, 57, 58, 60 of SAC.

19

## VIII. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS AS A MATTER OF LAW BECAUSE CONOCOPHILLIPS' PRACTICES DO NOT VIOLATE THE FLSA.

ConocoPhillips correctly used the "rate-in-effect" method to calculate Ferrell's regular rate of pay.  Under the rate-in-effect method, an employer may pay overtime at the rate applicable to the job that the employee is performing at the time that the overtime occurs.  As explained in 29 C.F.R. 778.415:

> Sections 7(g) (1) and (2) of the Act provide:
>
> (g) No employer shall be deemed to have violated subsection (a) by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection:
>
> * * *
>
> (2) In the case of an employee performing *two or more kinds of work for which different hourly or piece rates have been established*, is computed at rates not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours;
>
> and if (i) the employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of subsection (e) are not less than the minimum hourly rate required by applicable law, and (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

29 C.F.R. 778.415 (emphasis added).   Further:

> Under section 7(g)(2) an employee who performs two or more different kinds of work, for which different straight time hourly rates are established, may agree with his employer in advance of the performance of the work that he will be paid during overtime hours at a rate not less than one and one-half times the hourly nonovertime rate established for the type of work he is performing during such overtime hours. No additional overtime pay will be due under the act provided that the general requirements set forth in Sec. 778.417 are met. …

---

[9] The conditions required by Section 778.417 and by the remaining provisions of Section 778.419 are fairly rudimentary requiring that the rate be *bona fide*, above the minimum wage and that the established rate is not used as a subterfuge to avoid paying overtime on bonuses.  ConocoPhillips meets all of these conditions.  Copies of these provisions are provided in the accompanying appendix.

1   29 C.F.R. 778.419(a).  In determining whether "***two or more kinds of work for which***

2   ***different hourly or piece rates have been established***," the Department of Labor

3   provides the following guidance in its Field Operations Handbook:

4   　　　　Whether or not an employee is performing two or more different kinds of
5   　　　　work for which different straight time piece rates or hourly rates have been
　　　　established must be determined on the basis of all the facts in each
6   　　　　instance.  The following are considered to be different rates of pay for
　　　　different types of work for purposes of Secs 7(g)(1) and 7(g)(2):  1.
7   　　　　***Differential rates for night shift and Sunday work***. ....

8   Appendix, Exh. 6 (DOL Field Operations Handbook § 32h02 (*available at*

9   http://www.dol.gov/whd/FOH/FOH_Ch32.pdf)) (emphasis added).  Thus, the DOL's

10  longstanding interpretation and enforcement position with respect to the FLSA permits

11  ConocoPhillips to compute and pay overtime in the method it has utilized.

12  　　　　ConocoPhillips and Ferrell, through his union, agreed in advance of the worked

13  performed that he will be paid during overtime hours at a rate not less than one and one-

14  half times the hourly nonovertime rate.  (UF No. 27.)  ConocoPhillips' payments meet

15  the other requirements, too, because it is not disputed that Ferrell's average hourly

16  earnings for [each] workweek ... are not less than the minimum [wage]."  29 C.F.R.

17  778.417.

18  　　　　The DOL Handbook is not in conflict with 29 C.F.R. 778.207(b), as Ferrell

19  contends.  The DOL does not state that "'[d]ifferential rates for night shift' work do not

20  need to be included in the regular rate of pay" as Plaintiff misstates in his conditional

21  certification reply brief.  Dkt. #31 at 3:18-20.  The DOL Handbook simply authorizes

22  the method ConocoPhillips uses for calculating the regular rate of pay.  Accordingly,

23  Ferrell has failed to allege a policy that violates the FLSA.

24  　　　　Furthermore, meal allowances and educational reimbursements are not required

25  to be included in the regular rate of pay.  Section 7(e)(2) of the FLSA allows for an

26  exclusion from the regular rate when an employer reimburses an employee for expenses

27  incurred in the furtherance of the employer's interests.  ConocoPhillips' reimbursement

28  of Ferrell's education expenses were "designed to help [Ferrell' further [his] knowledge,

21

1  skills and job effectiveness through higher education in fields of *interest to the*
2  *company*," as set forth in the Company's U.S. Tuition Refund Policy. (UF No. 28)
3  (emphasis added). In order to qualify for the reimbursement, Ferrell was required to
4  submit an individual development plan "reviewed and agreed to by [his] supervisors
5  with recognition that the educational investment is part of the employee's development
6  for the current job or for a job to which he or she would realistically move to within
7  ConocoPhillips in the future." (UF No. 29.) His supervisors then "assess if formal
8  education is the appropriate option to pursue" based on "need and impact of the
9  educational investment, the link between the employee's interest and the business need,
10  its association with current and future roles" among other considerations. (UF No. 30.)
11  While many of his requests for tuition reimbursement were approved (UF No. 31),
12  Ferrell's request for reimbursement for graduate degree education was denied as
13  ConocoPhillips determined that it was not relevant to his current position and/or any
14  future job. (UF No. 32.) Had Ferrell left his employment at ConocoPhillips within two
15  years following completion of his degree course, he would have been required to
16  reimburse the company for the entire tuition reimbursement amount. (UF No. 33.) Of
17  course, if Ferrell's interpretation were the law and such reimbursements were includable
18  in the regular rate of pay, there would be a huge disincentive for employers to offer
19  tuition reimbursement to *hourly employees* – the very employees who benefit the most
20  from such a program.

21      Likewise, meal reimbursements that are for the benefit of the employer are also
22  excludable. Appendix, Ex. 7 (Dept. of Labor Opinion Letter FLSA2004-3 (May 13,
23  2004)); *Acton v. City of Columbia, Mo.*, No. 03-4159, 2004 WL 2152297, at *6-7 (W.D.
24  Mo. Sept. 10, 2004) (finding city's meal allowance for its firefighters was for the benefit
25  of the city). 29 C.F.R. 778.217(b) "allow[s] an exclusion from the regular rate when an
26  employer provides 'supper money,' or a reasonable amount given an employee to cover
27  the cost of supper in a situation where he or she would ordinarily leave work in time to
28  have supper at home, but instead must remain to work additional hours for the

employer's benefit." Opinion Letter FLSA2004-3. The only California district court to
address this issue found the meal allowance was an "expense[] normally incurred by the
employee for his own benefit" (and, therefore, should be included) because "[t]here is
no dispute [the employer] gives every employee $4 as a meal allowance for *every day
worked*." *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1057 (C.D. Cal.
2006) (emphasis added). In sharp contrast to *Wang*, the meal allowance here is an
"overtime meal" which is only paid when the employee is "required to work overtime
two (2) hours or more continuously beyond an eight (8) hour shift." (UF No. 34.) Thus,
it is not the kind of daily reimbursement that replaces an expense normally incurred by
an employee. Rather, it is more akin to the "supper money" example which addresses
those situations outside the employee's normal routine that prevent the employee from
returning home in time for supper.

   Accordingly, Ferrell's FLSA overtime claims fail as a matter of law.

## IX.   PLAINTIFF'S THIRD CAUSE OF ACTION UNDER BUSINESS & PROFESSIONS CODE SECTION 17200 FAILS AS A MATTER OF LAW BECAUSE IT IS PREMISED ON PLAINTIFF'S FLSA ALLEGATIONS.

   Proposition 64, which was approved by voters on November 2, 2004, modified
the California's Unfair Competition Law, Business and Professions Code Section 17200
*et seq.* (the "Section 17200"), by imposing new standing requirements for parties
seeking relief under Section 17200 (standing is limited to certain specified public
officials and to any person who has suffered injury in fact and has lost money or
property as a result of unfair competition) and requiring individuals, such as Plaintiff
Ferrell, pursuing representative actions to satisfy the class action requirements of Code
of Civil Procedure section 382. Cal. Bus. & Prof. Code §§ 17203, 17204; *Californians
for Disability Rights v. Mervyn's LLC*, 39 Cal.4th 223, 228-229 (2006). As a result of
these amendments, absent class certification, relief – and, in particular, restitution –
cannot extend beyond the named parties. *Ali v. U.S.A. Cab Ltd.*, 176 Cal. App. 4th
1333, 1344 & n.2 (2009) ("By not pursuing class certification on the third and fourth
counts [for failure to provide meal and rest breaks], plaintiffs have implicitly

23

1   relinquished class treatment of any claims under the fifth and seventh causes of action

2   pertaining to meal and rest breaks."). In *Ali*, the court found that the failure to pursue

3   class certification of plaintiff's meal and rest break claims implicitly relinquished class

4   treatment of claims under Section 17200 and the Private Attorney General Act

5   ("PAGA") pertaining to those same claims. *Id.*

6          To the extent the Court grants ConocoPhillips' motion for summary adjudication

7   as to Plaintiff's individual claim for unpaid overtime pursuant to 29 U.S.C. § 216(b), the

8   Court should also grant the motion as to Plaintiff's Third Cause of Action which is

9   premised on the alleged Section 216(b) violation.  The Third Cause of Action for

10  "Violations of FLSA Under California Business and Professions Code Section 17200" is

11  not a stand alone claim.  It is explicitly reliant on Plaintiff's FLSA claim for "fail[ure] to

12  pay overtime premiums." SAC ¶ 74.  Because Plaintiff admits that he has no

13  knowledge of any overtime that ConocoPhillips has failed to pay him (UF No. 1), he has

14  not suffered the requisite injury to establish standing to bring a claim under

15  Section 17200. *Californians for Disability Rights*, 39 Cal.4th at 228-229; *Ali*, 176 Cal.

16  App. 4th at 1344.  Accordingly, summary adjudication as to Plaintiff's Third Cause of

17  Action is appropriate.

18  ## X.   PLAINTIFF'S PAGA CLAIMS SHOULD BE DISMISSED BECAUSE FERRELL FAILED TO COMPLY WITH THE ADMINISTRATIVE

19  REQUIREMENTS OF LABOR CODE SECTION 2699.

20         A civil action under Labor Code § 2699 may be brought only by "an aggrieved

21  employee … only after [t]he agency [] notif[ies] the employer and the aggrieved

22  employee or representative by certified mail that it does not intend to investigate the

23  alleged violation." Cal. Lab. Code § 2699.3(a); *Caliber Bodyworks, Inc. v. Superior*

24  *Court*, 134 Cal. App. 4th 365, 381-82 (2005) (dismissing PAGA claims because

25  "plaintiffs were required to comply with [§ 2699.3(a)'s] administrative procedures

26  before pursuing causes of action for civil penalties"); *Waisbein v. UBS Fin. Servs. Inc.*,

27  No. C-07-2328 MMC, 2008 WL 753896, at *1 (N.D. Cal. Mar. 19, 2008) (same).

28         The SAC states that "[t]he LWDA [Labor and Workforce Development Agency]

1   notified Plaintiff by certified mail in a letter dated December 24, 2008 that they do not

2   intend to investigate the allegations." SAC ¶ 40.  The same allegation was pled in the

3   FAC.  FAC ¶ 32.  ConocoPhillips served document requests on Plaintiff in which

4   ConocoPhillips requested "All DOCUMENTS referenced in YOUR COMPLAINT."

5   (RFP No. 3).[10]  (UF No. 35.)  Plaintiff objected that the request was "overly broad and

6   unduly burdensome", "vague, ambiguous and unintelligible", and "not relevant to the

7   subject matter of the action", but agreed to comply with the request.  (UF No. 36.)

8   Plaintiff produced nine pages of documents, none of which contained the letter

9   referenced in Paragraph 32 of the FAC or Paragraph 40 of the SAC.  (UF No. 37.)

10   Plaintiff's failure to produce the letter from the LWDA is not surprising in light of

11   Plaintiff's admission that he never received such a letter.  (UF No. 38.)

12       Because Ferrell failed to comply with the requirements of section 2699.3(a),

13   Plaintiff's PAGA claims should be dismissed.  *Caliber Bodyworks*, 134 Cal. App. 4th at

14   381-83; *Waisbein*, 2008 WL 753896, at *1.

15   ## XI.   **CONCLUSION**

16       For all of these reasons, the Court should grant ConocoPhillips motion for

17   summary adjudication as to Plaintiffs' Plaintiff's Second and Third Causes of Action, as

18   well as his class allegations under Rule 23 and his claim for civil penalties under PAGA.

19   Dated:  April 22, 2010                    AKIN GUMP STRAUSS HAUER &
20                                             FELD LLP
                                               Catherine A. Conway
21                                             Scott J. Witlin
                                               Jeremy F. Bollinger
22

23                                      By____/s/Catherine A. Conway_____
24                                             Catherine A. Conway
                                               Attorneys for Defendant
25                                             CONOCOPHILLIPS PIPE LINE CO.

26   ─────────────────
      [10] ConocoPhillips' First Set of Requests for Production of Documents included
27   the following definitions: (1) "'PLAINTIFF' or 'YOU' or 'YOUR' means Damon
      Ferrell and anyone acting for or on his behalf"; (2) "'COMPLAINT' means the First
28   Amended Complaint filed by Damon Ferrell in the action entitled *Damon Ferrell v.*
      *ConocoPhillips Pipe Line Co.*, Case No. EDCV09-0431 SGL (OPx)."

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California.  I am over the

4

age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.  On April 22, 2010, I served the

5

foregoing document(s) described as:  **DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY**

6

**ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested party(ies) below, using the following means:

7

         **All parties identified for Notice of Electronic Filing**

8

         **generated by the Court's CM/ECF system under the**
         **referenced case caption and number**

9

10

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

11

    Executed on April 22, 2010 at Los Angeles, California.

12

13

Rose Shushanyan
_____
Print Name

_____
Signature

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28